THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN M. THOMPSON, Defendant-Appellant.

Second District   No. 2—00—0938

Opinion filed March 8, 2002.—Rehearing denied April 10, 2002.

Jeffrey B. Fawell, of Fawell Fawell & Associates, of Wheaton, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Richard S. London, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

In October 1999, the defendant, John M. Thompson, was charged by indictment with aggravated driving under the influence of alcohol. The indictment alleged, in pertinent part, that the defendant committed driving under the influence of alcohol (DUI), "having previously committed two or more violations of Driving under The Influence in violation of 625 ILCS 5/11—501," a statutory provision that, among other things, sets out various offenses of driving under the influence of alcohol or drugs (625 ILCS 5/11—501 (West 1998)). The indictment further alleged that the defendant had violated sections 11—501(a)(2) and 11—501(d)(2) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11—501(a)(2), (d)(2) (West 1998)).

■ Section 11—501(a)(2) is the statutory provision pertaining to the misdemeanor offense of DUI. Section 11—501(d)(2) is the statutory penalty provision that makes aggravated DUI a Class 4 felony and provides for a prison sentence of one to three years' imprisonment based on a defendant's commission of a third or subsequent DUI. By referring to the previous commissions of DUI, the defendant's indictment charged a violation of section 11—501(d)(1)(A), which provides that a person *convicted* of DUI is guilty of aggravated DUI if "(A) the person *committed* a violation of this Section *** for the third or subsequent time." (Emphasis added.) 625 ILCS 5/11—501(d)(1)(A) (West 1998).

Following a bench trial, the defendant was found guilty of the offense charged. The trial court denied the defendant's motion for a new trial. At the sentencing hearing, the trial court considered the defendant's prior disposition of supervision for the commission of one prior DUI in 1983 and a sentence of probation for another DUI conviction in 1985 (collectively, commissions or priors). These priors were stated in the presentence report, and the defendant did not challenge their validity or the accuracy of the report. The court also considered factors in mitigation and sentenced the defendant to a term of 24 months' probation with certain conditions attached. A judgment of conviction and sentence was entered on the Class 4 felony. The defendant timely appeals.

On appeal, the defendant argues that, since no evidence of the two prior commissions of DUI was offered at trial but was only considered at sentencing and the trial court nevertheless found the defendant guilty of aggravated DUI, the defendant was not proved guilty of the offense beyond a reasonable doubt as required by *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). He seeks a reversal of the felony conviction and a remand for resentencing on the lesser-included misdemeanor offense of DUI. We affirm.

In *Apprendi*, the defendant pleaded guilty to certain firearms violations, and the prosecutor sought an enhanced or extended sentence based on New Jersey's hate-crime statute. Under that statute, the judge was called upon to extend the sentence if the judge found by a preponderance of the evidence that, in committing the crime, the defendant acted with a purpose to intimidate the victim based on a racial motive or some similar factor enumerated in the hate-crime statute. This fact was then used to enhance the sentence well beyond the normal maximum term.

The Supreme Court characterized the defendant's mental state as an element of the substantive offense rather than as a sentencing factor. The Court ruled: "Other than the fact of a prior *conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63. The Court concluded that the New Jersey procedure was an unacceptable departure from the jury tradition and that it defeated a defendant's right to have a jury determine that he is guilty of every element of the offense beyond a reasonable doubt. The Court stated that its decision was foreshadowed by *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999) (under fifth amendment due process clause and notice and jury trial guarantees of sixth amendment, any fact other than prior conviction that increases maximum penalty for crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt).

The *Apprendi* Court specifically excluded the consideration of prior convictions (*i.e.*, recidivism) from the rule of law it announced, and this recidivism exception has been applied in recent Illinois cases to extend a defendant's prison sentence beyond the normal maximum term without violating the *Apprendi* rule. See, *e.g.*, *People v. Pulgar*, 323 Ill. App. 3d 1001 (2001); *People v. Landrum*, 323 Ill. App. 3d 664 (2001); *People v. Dillard*, 319 Ill. App. 3d 102 (2001).

In *People v. Lathon*, 317 Ill. App. 3d 573 (2000), the defendant received a mandatory Class X felony sentencing enhancement based on his prior felony convictions. In affirming the judgment, the *Lathon* court examined the policy considerations underlying the *Apprendi* rule and noted that the *Apprendi* Court had reviewed its decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998).

In *Almendarez-Torres*, the indictment charged the defendant with the federal offense of having been found in the United States after being deported because of an aggravated felony. The defendant admitted

during his plea hearing that he had been deported because of three aggravated felony convictions. A federal statute permitted the trial judge to enhance the defendant's punishment from the normal maximum prison sentence of 2 years to an enhanced maximum sentence of 20 years. The defendant received an 85-month prison sentence. The *Almendarez-Torres* Court rejected the defendant's argument that the greater sentence created a separate crime and that his prior convictions should have been charged in the indictment and proved beyond a reasonable doubt. The Court upheld the principle that the use of recidivism to increase an offender's sentence goes only to the punishment and may be decided after the conviction. See *Lathon*, 317 Ill. App. 3d at 583 (explaining *Apprendi* and *Almendarez-Torres*).

As *Lathon* further explained, the *Apprendi* Court noted that its decision in *Almendarez-Torres* "turned heavily upon the fact that the additional sentence to which the defendant was subject was 'the prior commission of a serious crime.' " *Apprendi*, 530 U.S. at 488, 147 L. Ed. 2d at 454, 120 S. Ct. at 2361, quoting *Almendarez-Torres*, 523 U.S. at 230, 140 L. Ed. 2d at 359, 118 S. Ct. at 1224. See *Lathon*, 317 Ill. App. 3d at 583. Because Almendarez-Torres had admitted the three earlier convictions—all of which were entered pursuant to proceedings with substantial procedural safeguards of their own—no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact was before the Court. *Apprendi*, 530 U.S. at 488, 147 L. Ed. 2d at 453, 120 S. Ct. at 2361; *Lathon*, 317 Ill. App. 3d at 585.

Based on its detailed review of *Apprendi* and the cases cited therein, the *Lathon* court held that when a defendant's punishment is increased because of prior convictions, they need not be alleged in the charging instrument, submitted to a jury, or proved beyond a reasonable doubt, because the prior convictions were obtained as the result of proceedings that provided procedural due process safeguards; the prior convictions were not an essential element of the offense in question; and they were unrelated to the commission of the current offense. *Lathon*, 317 Ill. App. 3d at 588.

In *People v. Watson*, 322 Ill. App. 3d 164 (2001), we held that the facts concerning prior convictions related to nothing more than the timing and sequence of the convictions and need not be proved under the *Apprendi* standards. We found that the presentence report in that case was sufficiently reliable to prove the defendant's prior convictions, and the defendant did not challenge the report. We concluded that *Apprendi* does not apply to sentencing under a repeat-offender statute. See 730 ILCS 5/5—5—3(c)(8) (West 1998).

The defendant here argues that, if the aggravated DUI statute as

set forth in section 11—501(d)(1)(A) is construed so that the two prior *commissions* need not be considered by the trier of fact as elements of the offense and proved beyond a reasonable doubt, then the statute is unconstitutional under *Apprendi*. In other words, the defendant argues that this section should not be categorized as a statute that imposes an enhanced penalty based upon prior *convictions*. We believe that the defendant's argument places form over substance and that both of his priors must be considered the functional equivalents of prior convictions under the recidivist exception of *Apprendi*.

■ Under the Illinois statutory scheme, an aggravated DUI based on two or more commissions of DUI is charged in the indictment, giving notice to the defendant that he is charged with a felony and that the State is seeking the enhanced penalty. Section 11—501(d)(1) of the Vehicle Code increases the classification of the offense, enhances the sentence, and requires compliance with section 111—3(c) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111—3(c) (West 1998)). *People v. Bowman*, 221 Ill. App. 3d 663, 666 (1991). Under section 111—3(c) of the Code, when the State seeks the enhanced sentence because of a prior conviction, the charge must state such prior conviction to give notice to the defendant. However, the *prior convictions are not elements of the offense* and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial. 725 ILCS 5/111—3(c) (West 1998); *People v. Laskowski*, 287 Ill. App. 3d 539, 541 (1997) (under section 111—3(c) of the Code, evidence of prior commission of two or more DUIs need not be proved by the State as an element of the offense of aggravated DUI); *People v. Lambert*, 249 Ill. App. 3d 726, 728 (1993) (elements of Class 4 felony DUI and Class A misdemeanor DUI are the same; prior DUI offenses are not elements of the felony offense but are merely used for sentencing purposes).

In *People v. Sheehan*, 168 Ill. 2d 298 (1995), our supreme court determined that the enhancement of a DUI to aggravated DUI could be based on the defendant's having "committed" prior DUIs even though no formal judgments of conviction had been obtained—such as where a defendant had successfully completed a term of supervision. The supreme court explained that, even though section 111—3(c) speaks in terms of "prior conviction," the court assumed that similar pleading requirements for felony DUI would apply even if the predicates for a felony charge were not limited to formal judgments of conviction. *Sheehan*, 168 Ill. 2d at 304; see generally *Lambert*, 249 Ill. App. 3d 726.

The term conviction is defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict or finding of

guilty." 730 ILCS 5/5—1—5 (West 2000); see *Sheehan*, 168 Ill. 2d at 305. In the present context, the term "commit" is broader in scope and includes perpetrating a crime or performing an act. See *Sheehan*, 168 Ill. 2d at 306. Thus, while there are important technical differences between a "commission" of an offense and a "conviction" of an offense, under *Sheehan*, either can be used to enhance the classification of and the penalty for a DUI offense.

In *People v. Coleman*, 111 Ill. 2d 87 (1986), our supreme court explained that a person who has previously received court supervision for DUI—with the dismissal of the charges at the end of the term of supervision—does not have a conviction on his record for that offense. However, to be eligible for a term of supervision, the defendant necessarily had to plead guilty to or stipulate to the facts supporting the underlying charge, or had to have been found guilty of the offense. *Coleman*, 111 Ill. 2d at 95-96; see also *People v. Bushnell*, 101 Ill. 2d 261, 266 (1984) (court distinguished between a *sentence* of probation based on a conviction and a *disposition* of supervision, which results in no conviction being entered). The *Coleman* court concluded that a prior disposition of supervision for DUI, even though not resulting in a formal conviction, could be considered by a court for sentencing purposes—such as to determine whether to grant or deny a second term of supervision within five years of a prior grant of supervision, or to impose another sanction.

Based on our review of the above-cited cases, we are convinced that, under the facts presented, sections 11—501(d)(1)(A) and 11—501(d)(2), as applied to the defendant, merely provide an enhanced penalty based on the commission of prior crimes. As such, the higher classification and penalty for the offense fall within the recidivist exception of *Apprendi*. For this purpose, both of the defendant's prior commissions of DUI, under the particular facts of this case, are the functional equivalent of the "convictions" discussed in *Apprendi*. They are not elements of the crime that needed to be proved to the trier of fact beyond a reasonable doubt. Rather, they are factors in aggravation that had to be proved at sentencing.

In support of our conclusion, we observe that the defendant had one prior supervision for DUI. In order to receive a disposition of supervision, he had to have pleaded guilty to DUI or to have stipulated to the underlying facts. The defendant does not complain that he was not afforded due process safeguards during that proceeding. The defendant's second prior DUI resulted in a sentence of probation, which had to be based on a conviction (see *Bushnell*, 101 Ill. 2d at 266). Again, he does not complain that he was not afforded due process safeguards during the proceeding that resulted in a conviction of

DUI and a sentence of probation. A prior conviction clearly falls within the recidivist exception of *Apprendi*.

Furthermore, the defendant was notified that he was charged with felony DUI and would be subject to enhanced sentencing. He does not challenge the accuracy of the presentence report that was used at sentencing as proof of his prior commissions of DUI. We have also determined that the defendant's priors are not essential elements of the offense; they are unrelated to the commission of the current offense. See *Lathon*, 317 Ill. App. 3d at 588. Therefore, we conclude that the defendant has not suffered any violation of the *Apprendi* rule or of due process.

Based on the facts presented and on our interpretation of the particular statutory sections in question, we must affirm the defendant's conviction of aggravated DUI and the resulting sentence.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and CALLUM, J., concur.