2016 IL App (4th) 140090

NO. 4-14-0090

**FILED**
August 2, 2016
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| ANDRE M. OWENS, | ) | No. 12CF1098 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Brian L. McPheters, |
| | ) | Judge Presiding. |

_____

JUSTICE POPE delivered the judgment of the court, with opinion.
Presiding Justice Knecht concurred in the judgment and opinion.
Justice Appleton dissented, with opinion.

**OPINION**

¶ 1        In July 2013, a jury convicted defendant, Andre M. Owens, of driving while his driver's license was revoked (625 ILCS 5/6-303(a) (West 2012)). In October 2013, the trial court, finding statutory aggravating factors, sentenced defendant to 18 months' imprisonment for a Class 4 felony (625 ILCS 5/6-303(d-2), (d-3) (West 2012)).

¶ 2        Defendant appeals, arguing his felony conviction must be reduced to a Class A misdemeanor because the State failed to prove the reason for his license revocation beyond a reasonable doubt at trial in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In the alternative, defendant argues the State failed to establish the reason his license was revoked at sentencing. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On July 11, 2012, the State charged defendant by information with driving while his driver's license was revoked, a Class 4 felony (625 ILCS 5/6-303(d-3) (West 2012)). The information alleged on June 11, 2012, defendant "drove a motor vehicle on a public highway in Champaign County, Illinois, at a time when his license to drive was revoked due to a prior violation of section 11-501 of the Illinois Vehicle Code or a similar out-of-state statute, and defendant has previously committed three or more violations of [section 6-303(a) of the Vehicle Code (625 ILCS 5/6-303(a) (West 2012))]."

¶ 5        Prior to trial, defendant filed a motion *in limine*, arguing, pursuant to *Apprendi*, to increase the offense of driving with a revoked or suspended license from a Class A misdemeanor (see 625 ILCS 5/6-303(a) (West 2012)) to a Class 4 felony (see 625 ILCS 5/6-303(d-3) (West 2012)), the State would have to prove to the jury, beyond a reasonable doubt, not only did defendant drive while his license was revoked or suspended, but also the revocation or suspension was for a violation of section 11-501, *i.e.*, for driving under the influence (DUI). See *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

¶ 6        During the July 25, 2013, hearing on defendant's motion *in limine*, defendant reiterated the arguments found in his motion. For its part, the State cited a number of cases and argued case law showed felony enhancement was an issue for sentencing and not an element to

be proved to the jury. After hearing arguments, the trial court disagreed with defendant's interpretation of the case law and denied his motion.

¶ 7        During the trial, Dustin Morgan, a Rantoul police officer, testified he was parked at a four-way intersection in Champaign County on June 11, 2012, around 6:55 p.m., when a vehicle drove by, traveling 31 miles per hour. The speed limit in that area was 20 miles per hour. Morgan followed the car into a driveway. As the driver, whom Morgan identified in court as defendant, was getting out of the car, Morgan rolled down his window and told him, " '[H]ey, I need to talk to you for a minute.' " Defendant held up his hand and said, " ['J]ust a minute.['] " Defendant then shut the car door and sprinted away from the car. Morgan eventually caught up to defendant and asked him, "[ 'W]hat did you run for?['] " Defendant replied, " 'because I don't have a license.' "

¶ 8        Defendant then identified himself to Morgan as Andre Owens. Morgan had the dispatcher send him a photograph of defendant to confirm his identity. Because the database indicated defendant's driver's license had been revoked, Morgan issued him a citation for driving with a revoked license.

¶ 9        Morgan identified People's exhibit No. 1 as an abstract of defendant's driver's license. He testified, according to this exhibit, the revocation of defendant's driver's license "was in effect on June 11th, 2012." Over defense counsel's foundational objection, the trial court admitted into evidence People's exhibit No. 1, which was a redacted version of defendant's driving abstract stating the license "REVOCATION WAS IN EFFECT ON 06-11-2012." The State then rested.

¶ 10　　　　At that point, defendant moved for a directed verdict. Defendant argued, according to his "complete driving abstract" (which he attached to the motion *in limine*), the Secretary of State revoked his driver's license on December 28, 2002, for driving without a valid license or permit, and later, on August 17, 2007, it purported to again revoke defendant's driver's license, this time "for a DUI offense," even though the Secretary never had reinstated the license in the interim. Defendant, citing *People v. Heritsch*, 2012 IL App (2d) 090719, ¶ 9, 972 N.E.2d 305, maintained the August 17, 2007, revocation "ultimately didn't have any effect, because [defendant's] license was already revoked."

¶ 11　　　　Defendant also argued, under *Apprendi*, a revocation for DUI was a fact, other than a previous conviction, that "increased the maximum possible penalty faced by [defendant]," and thus, the revocation for DUI had to be proved, beyond a reasonable doubt, to a jury, which defendant argued the State had not done. According to defendant, "the evidence the People have put on *** has not in any way indicated what the basis for [the] revocation is, and so we would move that the court enter a directed verdict of not guilty on behalf of [defendant]."

¶ 12　　　　In response, the State reiterated its argument the reason for the prior revocation, DUI, was something that should be proved in the sentencing hearing, not during the jury trial. Specifically, the State argued, "these are issues that were discussed during the motions *in limine* this morning such that the People do not have to prove the underlying DUI conviction. Such things are, these are felony enhancements for sentencing. All we have to prove is that he was driving on the public highways of Champaign County at a time when his license was revoked."

¶ 13 In denying defendant's motion for a directed verdict, the trial court found *Heritsch* distinguishable and was unconvinced a "status" or an "administrative decision" had to be proved to a jury under *Apprendi*.

¶ 14 Defendant rested without presenting any evidence.

¶ 15 Thereafter, the jury convicted defendant of driving while his license was revoked.

¶ 16 During the October 2013 sentencing hearing, the State requested a six-year sentence. Defendant's attorney asked for a one-year sentence. The presentence investigation report (PSI) showed an extensive criminal history starting in 1997, which included repeated instances of DUI, driving with a suspended license, and driving with a revoked license. The PSI also reflected multiple felony convictions for drugs and battery. Defendant presented a statement in allocution and asked for "just one more chance."

¶ 17 In sentencing defendant to 18 months' imprisonment, the trial court stated the following:

> "I've heard the statement in allocution, considered the arguments
> and evidence in this case, and I note from the [PSI] report and
> addendum thereto that there will be an extensive record of violent
> offenses, drug offenses, and traffic offenses of the defendant. This
> being the seventh driving under suspension and revocation case of
> the defendant, I have already ruled that it is a Class 4 felony."

¶ 18 On October 17, 2013, defendant filed a motion to reconsider the sentence and for a judgment notwithstanding the verdict or, alternatively, for a new trial. In the latter motion, defendant argued, under *Apprendi*, the State was required to "prove beyond a reasonable doubt at

trial that the basis for the revocation of his license was a violation of Section 11-501 of the Illinois Vehicle Code." Because the State had failed to present this "essential piece of evidence" in the jury trial, defendant was entitled to a judgment notwithstanding the verdict or, in the alternative, a new trial.

¶ 19 Following a January 31, 2014, hearing, the trial court denied defendant's posttrial motions.

¶ 20 Thereafter, defendant timely filed his notice of appeal. On August 24, 2015, defendant's appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), which this court denied. (We note defendant has since served his sentence and period of mandatory supervised release.)

¶ 21 This appeal followed.


¶ 22                                    II. ANALYSIS

¶ 23 On appeal, defendant argues the State failed to (1) prove the reason for his license revocation beyond a reasonable doubt at trial in violation of *Apprendi* and, in the alternative, (2) sufficiently prove the reason for the revocation at sentencing.


¶ 24                          A. Effect of Prior Revocation

¶ 25 As an initial matter, we note defendant previously argued the 2007 revocation of his license was ineffective because his license was originally revoked in December 2002 and has never been reinstated. Defendant maintained because his license had never been reinstated, the Secretary of State's subsequent suspensions or revocations had no effect. Because defendant

included this issue in the factual background of his brief, we address the issue in the context of defendant's larger appeal. In support of his position in the trial court, defendant cited the Second District's decision in *Heritsch*, 2012 IL App (2d) 090719, ¶ 9, 972 N.E.2d 305 (finding the Secretary's 2001 formal administrative sanction of revocation had no effect where the defendant's license had been revoked in 1991 and he never applied for a new license because there was no license that could be revoked when he committed DUI in 2001). Defendant also cites *Heritsch* in his brief on appeal.

¶ 26 However, *Heritsch* has since been disavowed by two subsequent Second District decisions, as well as decisions by other districts, including ours. See *People v. Smith*, 2013 IL App (2d) 121164, ¶ 6, 999 N.E.2d 809 (Second District concluding the holding in *Heritsch* was incorrect); *People v. Webber*, 2014 IL App (2d) 130101, ¶ 14, 11 N.E.2d 890 (Second District agreeing with the *Smith* decision and declining to follow *Heritsch*); *People v. Blair*, 2015 IL App (4th) 130307, ¶ 30, 44 N.E.3d 1073 (Fourth District discussing *Heritsch* and agreeing with *Smith* and *Webber*); *People v. Viverette*, 2016 IL App (1st) 122954, ¶ 18 (First District adopting the reasoning of *Smith* and *Webber*).

¶ 27 Moreover, the General Assembly amended section 6-303 of the Vehicle Code following the *Heritsch* decision, adding subsection (a-10), which specifically provides for multiple revocations even at a time when a person's driver's license had already been revoked. 625 ILCS 5/6-303(a-10) (West 2014); *Smith*, 2013 IL App (2d) 121164, ¶ 17, 999 N.E.2d 809 (citing Pub. Act 98-0418, § 5 (eff. Aug. 16, 2013), and Pub. Act 98-573, § 5 (eff. Aug. 27, 2013)). The fact the General Assembly amended section 6-303 after *Heritsch* was decided indicates a repudiation of the result reached by that decision. See *Viverette*, 2016 IL App (1st)

122954, ¶ 18 (citing *Smith*, 2013 IL App (2d) 121164, ¶ 17, 999 N.E.2d 809). Taken altogether, this is a nonissue on appeal. We now turn our attention to the main issue, which centers on defendant's *Apprendi* argument.

¶ 28                                 B. Defendant's *Apprendi* Claim

¶ 29        Defendant argues his felony conviction must be reduced to a Class A misdemeanor because the State failed to prove the reason for his license revocation beyond a reasonable doubt at trial in violation of *Apprendi*. Whether an *Apprendi* violation occurred is a question of law, which we review *de novo. People v. Daniel*, 2014 IL App (1st) 121171, ¶ 66, 12 N.E.3d 715.

¶ 30        In *Apprendi*, the Supreme Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Illinois legislature has since codified the *Apprendi* rule in section 111-3(c-5) of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/111-3(c-5) (West 2012)). Section 111-3(c-5) of the Procedure Code provides:

> "Notwithstanding any other provision of law, in all cases in which
> the imposition of the death penalty is not a possibility, if an alleged
> fact (*other than the fact of a prior conviction*) is not an element of
> an offense but is sought to be used to increase the range of
> penalties for the offense beyond the statutory maximum that could
> otherwise be imposed for the offense, the alleged fact must be

included in the charging instrument \*\*\*, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt. Failure to prove the fact beyond a reasonable doubt is not a bar to a conviction for commission of the offense, but is a bar to increasing, based on that fact, the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for that offense." (Emphasis added.) 725 ILCS 5/111-3(c-5) (West 2012).

¶ 31 Section 111-3(c) of the Procedure Code explicitly provides, when the State seeks to enhance a defendant's sentence based on a prior conviction, "the fact of such prior conviction" is not an element of the offense and "may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." 725 ILCS 5/111-3(c) (West 2012). Here, defendant argues the State was required to prove the reason for defendant's license revocation beyond a reasonable doubt during trial to satisfy *Apprendi*. Specifically, defendant contends, because the reason for the revocation is a fact "other than the fact of a prior conviction," the State had to prove to the jury his license was revoked for a DUI to elevate his misdemeanor offense to a felony. We disagree.

¶ 32 A person commits the offense of driving with a revoked license when he "drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit or privilege to do so \*\*\* is revoked or suspended as provided by this Code or the law of another state." 625 ILCS 5/6-303(a) (West 2012). Ordinarily, driving with a revoked license is a Class A misdemeanor. 625 ILCS 5/6-303(a) (West 2012).

However, driving with a revoked license is a Class 4 felony when a person has previously been convicted of driving with a revoked license and "the original revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, or a statutory summary suspension or revocation under Section 11-501.1 of this Code." 625 ILCS 5/6-303(d) (West 2012).

¶ 33    Generally, where a statute initially sets forth the elements of an offense and separately provides sentencing classifications based on other factors, the enhancing factors do not create a new offense but serve only to enhance the punishment. *People v. Van Schoyck*, 232 Ill. 2d 330, 337, 904 N.E.2d 29, 33 (2009). Despite defendant's argument to the contrary, however, Illinois courts have found the State is not required to prove, as an element of a defendant's enhanced driving with a revoked license offense, the fact that the original revocation of his license was predicated on a DUI conviction.

¶ 34    In *People v. Lucas*, 231 Ill. 2d 169, 180-81, 897 N.E.2d 778, 785 (2008), our supreme court discussed the interplay between section 6-303(d) of the Vehicle Code and section 111-3(c) of the Procedure Code as follows:

> "[S]ection 6-303(d) of the Vehicle Code, read together with section 111-3(c) of the Procedure Code, provides the basis for enhanced sentencing of defendants who commit driving while license revoked, subsequent offense. Neither section 111-3(c) nor section 6-303(d) operates independently. Section 111-3(c) sets forth the procedure that must be followed where the State seeks a more severe sentence due to a defendant's prior convictions. Section 6-

303(d) is the substantive provision that allows the State to seek the enhanced sentencing. We note that the legislature amended section 111-3 in 1989 to add subsection (c). Pub. Act 86-964, § 1, eff. July 1, 1990. Prior to this amendment, a defendant's prior convictions for driving while license revoked and driving under the influence of alcohol were elements of the felony offense of driving while license revoked, subsequent offense. See *People v. Roby*, 172 Ill. App. 3d 1060, 1062 (1988) (noting that a prior driving under the influence of alcohol offense, which results in the revocation of a person's license, is an element of driving while license revoked, subsequent offense, and the trial court must instruct the jury as to all the elements of the offense charged). Now, with the addition of subsection (c), *it is clear that the prior convictions are not elements of the offense that the State must prove to the trier of fact*." (Emphasis added.)

¶ 35    In *People v. DiPace*, 354 Ill. App 3d 104, 115, 818 N.E.2d 774, 785 (2004), the Second District concluded the State was not required to show the defendant's prior convictions or the grounds for those prior convictions until sentencing. In that case, the defendant was convicted of a Class 4 felony (driving while revoked) because he drove with a revoked license, his license was revoked for DUI, and he had previously been convicted of driving with a revoked license. *DiPace*, 354 Ill. App. 3d at 114, 818 N.E.2d at 784. The Second District rejected the defendant's argument the State was required to prove, as an element of his crime, his license was

- 11 -

revoked for DUI. *DiPace*, 354 Ill. App. 3d at 115, 818 N.E.2d at 784-85. In reaching its conclusion, the court reasoned requiring the State to prove the grounds for the revocation of a defendant's license at trial would effectively require the State to prove a prior conviction as an element of the crime, which would contravene the plain language of section 111-3(c). *DiPace*, 354 Ill. App. 3d at 115, 818 N.E.2d at 785; see also *People v. Bowman*, 221 Ill. App. 3d 663, 665-66, 583 N.E.2d 114, 115-16 (1991) (Fourth District finding, under section 111-3(c), State was not required to show the defendant's prior convictions until sentencing).

¶ 36 We note, although *DiPace* does not discuss *Apprendi* directly, based on its finding proof of the grounds for a revocation effectively requires the State to prove a prior conviction, it answers the *Apprendi* issue in the negative, *i.e.*, because the statute effectively requires proof of a prior conviction when showing the basis for a revocation, *Apprendi* is not violated by omitting proof of such at trial.

¶ 37 Likewise, in *People v. Thompson*, 328 Ill. App. 3d 360, 361, 765 N.E.2d 1209, 1210 (2002), the defendant challenged his conviction for aggravated DUI under *Apprendi* when no evidence of his two prior DUI offenses was presented at trial, but only at sentencing. The defendant argued if the two prior commissions of DUI need not be considered by the trier of fact as elements of aggravated DUI, then the statute was unconstitutional under *Apprendi*. *Thompson*, 328 Ill. App. 3d at 363-64, 765 N.E.2d at 1212. The Second District rejected this argument as placing form over substance, concluding the defendant's prior offenses must be considered the "functional equivalents of prior convictions" under the recidivist exception of *Apprendi*. *Thompson*, 328 Ill. App. 3d at 364, 765 N.E.2d at 1212. As such, "[t]hey are not elements of the crime that needed to be proved to the trier of fact beyond a reasonable doubt. Rather, they are

factors in aggravation that had to be proved at sentencing." *Thompson*, 328 Ill. App. 3d at 365, 765 N.E.2d at 1213.

¶ 38    Finally, in *People v. Braman*, 327 Ill. App. 3d 1091, 1092, 765 N.E.2d 500, 502 (2002), the Third District interpreted the aggravated DUI statute in the context of a situation where the aggravation was based on the defendant committing (not being "convicted of") a violation of the DUI statute for the third or subsequent time. The court found the aggravated DUI terminology referred to an enhanced sentence and the prior violations were not elements of the offense. *Braman*, 327 Ill. App. 3d at 1094, 765 N.E.2d at 503. The court then determined *Apprendi* does not apply when a defendant receives an enhanced sentence due to prior convictions, calling the statute a clearly "recidivist" statute designed to enhance punishment for repeat offenders. *Braman*, 327 Ill. App. 3d at 1094, 765 N.E.2d at 503.

¶ 39    Thus, as discussed above, the plain language of section 111-3(c) of the Procedure Code, as well as the current state of Illinois case law, provide the State is not required to prove to the jury, as an element of a defendant's felony driving while revoked offense, the fact the original revocation of his license was predicated on a DUI conviction. That is exactly the situation the instant case presents. As such, we see no principled basis for departing from prior precedent. While defendant maintains the reason for the revocation is something other than a conviction for *Apprendi* purposes, that argument places form over substance and amounts to a distinction without a difference. See *Thompson*, 328 Ill. App. 3d at 364, 765 N.E.2d at 1212. Moreover, defendant does not cite a single case supporting the proposition he advances. A revocation based on a DUI is the functional equivalent of a prior conviction for purposes of the recidivist exception of *Apprendi*, *i.e.*, it does not need to be proved to the jury. *Thompson*, 328

Ill. App. 3d at 364, 765 N.E.2d at 1212. Instead, it is reserved for sentencing. A finding to the contrary would contravene the plain language of section 111-3(c) and approximately 25 years of case law. Accordingly, the trial court did not err in finding the State was not required to prove the reason underlying the revocation beyond a reasonable doubt to the jury.

¶ 40                                    C. Defendant's Sentencing Claim

¶ 41          Defendant also argues, in the alterative, the State failed to adequately establish his license was revoked for DUI at sentencing. We disagree.

¶ 42          "A court properly may consider a [PSI] to determine a defendant's criminal record; such a report is a reliable source for the purpose of inquiring into a defendant's criminal history." *DiPace*, 354 Ill. App. 3d at 115, 818 N.E.2d at 785 (citing *People v. Williams*, 149 Ill. 2d 467, 491, 599 N.E.2d 913, 924 (1992)).

¶ 43          In this case, the PSI reflects defendant's prior DUI convictions and does not show his license was ever reinstated following those convictions. In fact, during the sentencing hearing, defendant's trial counsel conceded, "nowhere in the [PSI] does it indicate [defendant's] license was reinstated." Indeed, a review of the PSI reveals a 2007 mandatory revocation of defendant's license following DUI convictions in 2006 and 2007. The license revocation was extended in 2008 and never reinstated. Defendant's instant offense occurred in 2012. It is undisputed defendant's license remained revoked at that time. As such, it was reasonable for the trial court to infer his license continued to be revoked for DUI at the time of the instant offense. The trial court did not err in enhancing defendant's sentence to a Class 4 felony based on his prior criminal history.

¶ 44                              III. CONCLUSION

¶ 45         For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we award the State its $50 statutory assessment against defendant as costs of this appeal.

¶ 46         Affirmed.

¶ 47         JUSTICE APPLETON, dissenting:

¶ 48         I respectfully dissent from the majority's decision because the State failed to present any evidence to the jury that the revocation of defendant's driver's license was for DUI. This was a sentence-enhancing fact in section 6-303(d-3) of the Vehicle Code (625 ILCS 5/6-303(d-3) (West 2012)) that the State had the burden of proving to the jury beyond a reasonable doubt. See *Blakely v. Washington*, 542 U.S. 296, 303 (2004); *Apprendi*, 530 U.S. at 490; 725 ILCS 5/111-3(c-5) (West 2012).

¶ 49         The statute under which defendant was sentenced, section 6-303(d-3), required proof of two facts. The first fact was that he had three or more prior convictions of driving while his driver's license was revoked. See 625 ILCS 5/6-303(d-3) (West 2012). It is undisputed that, under section 111-3(c) of the Procedure Code (725 ILCS 5/111-3(c) (West 2012)), these convictions were rightfully proved to the sentencing judge instead of to the jury, as *Apprendi* allows (see *Apprendi*, 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that

- 15 -

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.))). It also is undisputed that the State adequately proved these prior convictions to the sentencing judge.

¶ 50        But there was a second fact in section 6-303(d-3), which, unlike the first fact, had to be proved to the jury. The second fact, to quote the information, was that "[defendant's] license to drive was revoked due to [DUI]." See 625 ILCS 5/6-303(d) (West 2012). Because this second fact was a fact "other than the fact of a prior conviction," section 111-3(c-5) of the Procedure Code as well as *Apprendi* required the State to prove it to the jury beyond a reasonable doubt. 725 ILCS 5/111-3(c-5) (West 2012); *Apprendi*, 530 U.S. at 490.

¶ 51        *Apprendi* holds: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The " 'statutory maximum' " for purposes of *Apprendi* is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Emphasis omitted.) *Blakely*, 542 U.S. at 303. The jury's verdict in this case reflects only two propositions, which comprise the offense of misdemeanor driving while license revoked (625 ILCS 5/6-303(a) (West 2012)): (1) "that the defendant drove a motor vehicle on a highway of this State" and (2) "that[,] at the time the defendant drove a motor vehicle, his driver's license was suspended as provided by the *** Vehicle Code or the law of another state"—to quote People's instruction No. 12. Between those two propositions, there is no mention of the sentence-enhancing facts in section 6-303(d-3). See 625 ILCS 5/6-303(d-3) (West 2012). Nor did defendant judicially admit the sentence-enhancing facts. See *Apprendi*, 530 U.S. at 488 (discussing *Almendarez-Torres v. United States*,

523 U.S. 224 (1998)). Again, as I understand his argument, defendant does not dispute the correctness of proving one of the sentence-enhancing facts to the sentencing judge instead of to the jury, namely, the fact of his three or more prior convictions of driving while license revoked (625 ILCS 5/6-303(d-3) (West 2012)). See *Apprendi*, 530 U.S. at 490; 725 ILCS 5/111-3(c) (West 2012). The other sentence-enhancing fact, however—that his commission of DUI was *the Secretary's reason* for revoking his license—was not, properly speaking, the fact of a prior conviction, and therefore the State had to prove that fact to the jury beyond a reasonable doubt, as defendant correctly argues. See *Apprendi*, 530 U.S. at 490; 725 ILCS 5/111-3(c-5) (West 2012). The State failed to do so, and consequently the State proved only the misdemeanor offense of driving while license revoked (625 ILCS 5/6-303(a) (West 2012)), not the felony offense of driving while license revoked (625 ILCS 5/6-303(d-3) (West 2012)). See *Apprendi*, 530 U.S. at 490.

¶ 52        The majority says: "Illinois courts have found the State is not required to prove as an element of a defendant's enhanced driving with a revoked license offense the fact the original revocation of his license was predicated on a DUI conviction." *Supra* ¶ 33. More precisely, one Illinois court, the Illinois Appellate Court, has so found in *DiPace* and *Bowman*. As I will explain, however, some of the reasoning in *DiPace* and *Bowman* is problematic, and the remaining cases the majority cites are distinguishable in their facts and in the issues they address.

¶ 53        Let us take a look at the majority's cited cases one at a time, in the order in which they appear in the majority's opinion.

¶ 54                                    I. *Lucas*

- 17 -

¶ 55　　　　The majority cites *Lucas* in support of the proposition that, "with the addition of subsection (c) [to section 111-3 of the Procedure Code (725 ILCS 5/111-3 (West 2012))], it is clear that the prior convictions are not elements of the offense that the State must prove to the trier of fact." *Lucas*, 231 Ill. 2d at 181, 897 N.E.2d at 785. That is a straw man. That proposition is not at issue in this appeal. To reiterate, defendant agrees the State was correct in proving to the sentencing judge, rather than to the jury, his three or more prior convictions of driving while license revoked. He argues, however, that the other fact in section 6-303(d-3)—that the Secretary's reason for revoking his license was his commission of DUI—had to be proved, beyond a reasonable doubt, to the jury because it was a fact "other than the fact of a prior conviction." 725 ILCS 5/111-3(c-5) (West 2012); see also *Apprendi*, 530 U.S. at 490.

¶ 56　　　　Granted, in *Lucas*, the State proved to the jury only the misdemeanor offense of driving while license revoked (625 ILCS 5/6-303(a) (West 2004)), *i.e.*, that the defendant knowingly drove a motor vehicle on an Illinois highway while his driver's license was revoked (*Lucas*, 231 Ill. 2d at 179, 897 N.E.2d at 784), and on the basis of additional evidence the State presented in the sentencing hearing (*Lucas*, 231 Ill. 2d at 172, 897 N.E.2d at 780), the supreme court directed the trial court, on remand, to sentence the defendant for the felony offense of driving while license revoked (625 ILCS 5/6-303(d) (West 2004))—even though, judging from the issues instruction, the jury never was asked to find the Secretary's reason for the revocation (*Lucas*, 231 Ill. 2d at 183, 897 N.E.2d at 786). (The majority does not discuss this aspect of *Lucas*, but I will, in case it is the aspect of *Lucas* the majority really has in mind.) Nevertheless, " '[a] judicial opinion is a response to the issues before the court, and these opinions, like others, must be read in light of the issues that were before the court for determination.' " *Avery v. State*

*Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100, 189, 835 N.E.2d 801, 855 (2005) (quoting *Nix v. Smith*, 32 Ill. 2d 465, 470, 207 N.E.2d 460, 463 (1965)). The defendant in *Lucas* argued only that "the State had not proved to the jury [his] prior conviction [of driving while license revoked], which elevated his offense to a felony." *Lucas*, 231 Ill. 2d at 173, 897 N.E.2d at 781. He never argued the State's failure to prove to the jury that DUI was why the Secretary had revoked his license. See *Lucas*, 231 Ill. 2d at 173, 897 N.E.2d at 781. He would have forfeited any points he omitted to argue, including that one. See Ill. S. Ct. R. 341(h)(7) (eff. Mar. 16, 2007) ("Points not argued are waived," or forfeited).

¶ 57          Thus, *Lucas* cannot reasonably be interpreted as a case in which, to quote the majority, an "Illinois [court] *** found the State [was] not required to prove[,] as an element of a defendant's enhanced driving with a revoked license offense[,] the fact the original revocation of his license was predicated on a DUI conviction." *Supra* ¶ 33. That issue was neither raised nor addressed in *Lucas*.

¶ 58                                    II. *DiPace*

¶ 59          In *DiPace*, the trial court found the defendant guilty, in a bench trial, of two violations of the Vehicle Code: (1) a violation of section 11-501(c-1)(3) (625 ILCS 5/11-501(c-1)(3) (West 2002)), which defined the Class 2 felony of DUI, and (2) a violation of section 6-303(d) (625 ILCS 5/6-303(d) (West 2002)), which defined the Class 4 felony of driving while license revoked. *DiPace*, 354 Ill. App. 3d at 106, 818 N.E.2d at 779.

¶ 60          Section 11-501(c-1)(3) provided as follows:

"(3) A person who violates this Section [(625 ILCS 5/11-501 (West 2002))] a fourth or subsequent time during a period in which his or her driving privileges are revoked or suspended where the revocation or suspension was for a violation of this Section, Section 11-501.1 [(625 ILCS 5/11-501.1 (West 2002))], paragraph (b) of Section 11-401 [(625 ILCS 5/11-401(b) (West 2002))], or Section 9-3 of the Criminal Code of 1961 [(720 ILCS 5/9-3 (West 2002))] is guilty of a Class 2 felony." 625 ILCS 5/11-501(c-1)(3) (West 2002).

Thus, the Class 2 felony of DUI had the following three elements. First, before committing DUI this time, defendant committed DUI on at least three prior occasions. Second, while committing DUI this time, his driving privileges were revoked or suspended. Third, "the revocation or suspension was for" DUI (625 ILCS 5/11-501 (West 2002)), failing or refusing a chemical test (625 ILCS 5/11-501.1 (West 2002)), failing to report an accident involving death or personal injury (625 ILCS 5/11-401(b) (West 2002)), or reckless homicide (720 ILCS 5/9-3(a) (West 2002)).

¶ 61 The other section of the Vehicle Code under which the defendant was convicted in *DiPace*, section 6-303(d), provided as follows:

"(d) Any person convicted of a second violation of this Section [(625 ILCS 5/6-303 (West 2002))] shall be guilty of a Class 4 felony and shall serve a minimum term of imprisonment of 30 days or 300 hours of community service, as determined by the

- 20 -

court, if the revocation or suspension was for a violation of Section 11-401 [(625 ILCS 5/11-401 (West 2002))] or 11-501 of this Code, or a similar out-of-state offense, or a similar provision of a local ordinance, a violation of Section 9-3 of the Criminal Code of 1961, relating to the offense of reckless homicide, or a similar out-of-state offense, or a statutory summary suspension under Section 11-501.1 of this Code." 625 ILCS 5/6-303(d) (West 2002).

Thus, the Class 4 felony of driving while license revoked had the following two elements. First, the defendant was convicted a second time of driving while license revoked. Second, "the revocation or suspension [of the defendant's driver's license] was for" leaving the scene of an accident involving death or personal injury (625 ILCS 5/11-401 (West 2002)), DUI (625 ILCS 5/11-501 (West 2002)), reckless homicide (720 ILCS 5/9-3(a) (West 2002)), or failing or refusing a chemical test (625 ILCS 5/11-501.1 (West 2002)). 625 ILCS 5/6-303(d) (West 2002).

¶ 62   In *DiPace*, the defendant argued "the State [had] failed to prove beyond a reasonable doubt, as elements of his crimes, that his license [had been] revoked for the grounds set forth in section 6-303(d) (625 ILCS 5/6-303(d) (West 2002)) and section 11-501(c-1)(3) (625 ILCS 5/11-501(c-1)(3) (West 2002))." *DiPace*, 354 Ill. App. 3d at 113, 818 N.E.2d at 784. In other words (referring to the summaries of the elements, above), defendant argued that, in the bench trial, the State failed to prove the third element of felony DUI and the second element of felony driving while license revoked. See *DiPace*, 354 Ill. App. 3d at 113, 818 N.E.2d at 784.

¶ 63   The Second District responded that section 111-3(c) of the Procedure Code (725 ILCS 5/111-3(c) (West 2002)) freed the State of its burden of proving in the trial, beyond a

- 21 -

reasonable doubt, that the revocation of the defendant's driver's license "[had been] for" any of the grounds listed in sections 6-303(d) and 11-501(c-1)(3) (625 ILCS 5/6-303(d), 11-501(c-1)(3) (West 2002)). The Second District reasoned as follows:

> "However, '[w]hen the State seeks an enhanced sentence because of a prior conviction,' 'the fact of such prior conviction *** [is] not [an] element[ ] of the offense ***. For the purposes of this [s]ection, "enhanced sentence" means a sentence which is increased by a prior conviction from one classification of offense to another higher level classification ***.' 725 ILCS 5/111-3(c) (West 2002). Therefore, the State need not prove prior commissions of driving under the influence beyond a reasonable doubt as an element of Class 2 felony driving under the influence (*People v. Thompson*, 328 Ill. App. 3d 360, 364-66 (2002)), nor must it prove prior commissions of driving while license revoked as an element of Class 4 felony driving while license revoked (*People v. Bowman*, 221 Ill. App. 3d 663, 666 (1991)). The existence of these predicate offenses is used after a defendant's conviction to increase the classification of his crime at sentencing. *Thompson*, 328 Ill. App. 3d at 364-66." *DiPace*, 354 Ill. App. 3d at 114.

¶ 64        That reasoning does not hold together. By no plausible interpretation did section 111-3(c) bar the State from proving, in the trial, the third sentence-enhancing fact in section 11-

- 22 -

501(c-1)(3) and the second sentence-enhancing fact in section 6-303(d): that DUI was why the Secretary had revoked the defendant's driver's license. That the Secretary cited DUI as his reason for the revocation is a fact, an administrative event, separate from the defendant's conviction of DUI. Evidently, the legislature knows how to plainly say so when it intends to make a prior conviction a sentence-enhancing fact. See *Brucker v. Mercola*, 227 Ill. 2d 502, 532 (2007). In plain terms, section 6-303(d) requires proof of a prior conviction of driving while license revoked, but section 6-303(d) says nothing about a prior conviction of DUI. If, in seeking an enhanced sentence under section 6-303(d), the State presented to the trier of fact a docket entry showing that the defendant previously was convicted of DUI, the State would not obtain an enhanced sentence, because that section requires proof that, when revoking or suspending the defendant's driver's license, the Secretary did so on any of the specified grounds, not that the defendant was convicted of any of the specified grounds. See 625 ILCS 5/6-303(d), 11-501(c-1)(3) (West 2002). The Secretary's expressed subjective reason must be proved, not that the defendant was convicted of that reason. (Incidentally, the Secretary has discretion to suspend or revoke a driver's license for DUI regardless of whether the driver was convicted of DUI. 625 ILCS 5/6-205(a)(2) (West 2002).) Even if the certified abstract of the defendant's driver's license record showed that a conviction of DUI was the reason why the Secretary had revoked the defendant's driver's license (see *Bowman*, 221 Ill. App. 3d at 665, 583 N.E.2d at 115), section 111-3(c) of the Procedure Code would not bar *that* conviction from being disclosed to the jury (although it would bar the sentence-enhancing prior conviction of driving while license revoked (625 ILCS 5/6-303(d) (West 2002))), because the State would not be "seek[ing] an enhanced sentence because of a prior conviction" *of DUI* (725 ILCS 5/111-3(c) (West 2002)).

¶ 65        Again, *Apprendi* holds: "Other than the fact of a prior conviction, *any* fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Emphasis added.) *Apprendi*, 530 U.S. at 490. Likewise, in accordance with *Apprendi*, section 111-3(c-5) provides: "[I]f an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument ***, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt." 725 ILCS 5/111-3(c-5) (West 2002). That the defendant in *DiPace* had a previous conviction of DUI was one fact, "the fact of a prior conviction." 725 ILCS 5/111-3(c-5) (West 2002). That the Secretary revoked the defendant's driver's license because of that prior conviction of DUI was another fact. *DiPace* not only misapplied section 111-3(c), but it violated section 111-3(c-5) and *Apprendi* by blurring those two facts together. See 725 ILCS 5/111-3(c-5) (West 2002). For that matter, *DiPace* does not even mention section 111-3(c-5) or *Apprendi* (decided four years earlier).

¶ 66                        III. *Bowman*

¶ 67        In *Bowman*—a decision that predates *Apprendi*—the defendant was convicted of felony driving while license revoked, a violation of section 6-303(d) of the Vehicle Code (Ill. Rev. Stat. 1989, ch. 95½, ¶ 6-303(d)). *Bowman*, 221 Ill. App. 3d at 664, 583 N.E.2d at 115. At the time, that statute provided as follows:

- 24 -

"(d) Any person convicted of a second or subsequent violation of this Section shall be guilty of a Class 4 felony if the original revocation or suspension was for a violation of Section 11-401 or 11-501 of this Code [(Ill. Rev. Stat. 1989, ch. 95½, ¶¶ 11-401, 11-501)], or a similar provision of a local ordinance, or a violation of Section 9-3 of the Criminal Code of 1961 [(Ill. Rev. Stat. 1989, ch. 38, ¶ 9-3)], as amended, relating to the offense of reckless homicide." Ill. Rev. Stat. 1989, ch. 95½, ¶ 6-303(d).

Thus, section 6-303(d) required proof of two sentence-enhancing facts. The first fact was that the defendant previously was convicted of driving while license revoked. Ill. Rev. Stat. 1989, ch. 95½, ¶ 6-303(d). The second fact was that "the original revocation or suspension was for a violation" of any of the listed statutory provisions, such as DUI. Ill. Rev. Stat. 1989, ch. 95½, ¶ 6-303(d).

¶ 68        In a pretrial conference, "[t]he prosecutor indicated an ability to prove [the] defendant's revocation based on a DUI," but the prosecutor recommended that, to avoid prejudicing the defendant with proof of a prior bad act, the State would prove the reason for the revocation, DUI, in the sentencing hearing instead of in the jury trial. *Bowman*, 221 Ill. App. 3d at 664-65, 583 N.E.2d at 115. Defense counsel agreed to this recommended procedure, and accordingly, in the jury trial, the State proved misdemeanor driving while license revoked, and in the sentencing hearing, the State proved the two sentence-enhancing facts in section 6-303(d). *Bowman*, 221 Ill. App. 3d at 665, 583 N.E.2d at 115.

¶ 69        The defendant appealed, arguing that "the State failed to prove, and the jury was not instructed regarding, one of the elements of the offense, *i.e.*, that [the] defendant's revocation rested upon a prior conviction for DUI." *Bowman*, 221 Ill. App. 3d at 664, 583 N.E.2d at 115. We responded that although the State had not proved that element to the jury but instead had proved it to the sentencing judge, "[t]his was a deliberate plan on the part of [the] defense counsel, the prosecutor, and the trial judge," and the defendant was "estopped" from challenging a procedure to which he himself had agreed. *Bowman*, 221 Ill. App. 3d at 665-66, 583 N.E.2d at 116.

¶ 70        So, the doctrine of estoppel disposed of the appeal. *Bowman*, 221 Ill. App. 3d at 665-66, 583 N.E.2d at 116. But we did not stop there. We went on to opine, in *dictum*, that "the procedure followed by trial counsel and the trial court was both correct *** and required by section 111-3(c) of the [Procedure] Code *** (Ill. Rev. Stat. 1989, ch. 38, par. 111-3(c))." *Bowman*, 221 Ill. App. 3d at 666, 583 N.E.2d at 116. This *dictum* is flawed because section 111-3(c), by its terms, applied to only one of the sentence-enhancing facts in section 6-303(d), namely, the prior conviction of driving while license revoked. Section 111-3(c) did not forbid the disclosure to the jury that DUI was why the Secretary had revoked the defendant's license. See *Bowman*, 221 Ill. App. 3d at 666, 583 N.E.2d at 116 (where Ill. Rev. Stat. 1989, ch. 38, ¶ 111-3(c) is quoted). If, in the course of disclosing the Secretary's reason to the jury, the State would have unavoidably disclosed to the jury that the defendant had been convicted of DUI (see *Bowman*, 221 Ill. App. 3d at 665, 583 N.E.2d at 116), that disclosure would not have violated section 111-3(c), because section 111-3(c) did not forbid the disclosure to the jury of *any and all convictions*. Rather, it forbade the disclosure to the jury of a prior conviction if "the State

- 26 -

[sought] an enhanced sentence because of [that] prior conviction." Ill. Rev. Stat. 1989, ch. 38, ¶ 111-3(c). Because a prior conviction of DUI was not a sentence-enhancing fact under section 6-303(d), section 111-3(c) did not forbid the disclosure of *that* prior conviction to the jury.

¶ 71                                         IV. *Thompson*

¶ 72            In *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1209, the defendant was charged with aggravated DUI (625 ILCS 5/11-501(d)(1)(A) (West 1998))—a different offense, it should be noted, than the one in this case. "The indictment alleged *** that the defendant committed [DUI], 'having previously committed two or more violations of [DUI] in violation of [section 11-501 (625 ILCS 5/11-501 (West 1998))].' " *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1209. Under section 11-501(d)(1)(A) of the Vehicle Code, "a person *convicted* of DUI [was] guilty of aggravated DUI if '(A) the person *committed* a violation of this Section *** for the third or subsequent time.' " (Emphases in original.) *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1210 (quoting 625 ILCS 5/11-501(d)(1)(A) (West 1998)). Thus, the sentence-enhancing fact was "two prior *commissions* of DUI." (Emphasis added.) *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1210.

¶ 73            The State presented no evidence of this sentence-enhancing fact in the bench trial. *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1210. Instead, "[a]t the sentencing hearing, the trial court considered the defendant's prior disposition of supervision for the commission of one prior DUI in 1983 and a sentence of probation for another DUI conviction in 1985." *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1210. On appeal, the defendant argued that, because the

- 27 -

State presented no evidence in the bench trial that he committed DUI on two prior occasions but instead waited until the sentencing hearing to prove his supervision and probation for DUI, the conviction of aggravated DUI, as opposed to misdemeanor DUI (625 ILCS 5/11-501(a)(2) (West 1998)), violated *Apprendi*. *Thompson*, 328 Ill. App. 3d at 361, 765 N.E.2d at 1210. The defendant acknowledged that *Apprendi* had a recidivist exception—"[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (emphasis added) (*Apprendi*, 530 U.S. at 490)—but he argued that the recidivist exception of *Apprendi* was inapplicable because section 11-501(d)(1)(A) required proof that he *committed* DUI on two previous occasions, not that he had two prior *convictions* of DUI. *Thompson*, 328 Ill. App. 3d at 363-64, 765 N.E.2d at 1212.

¶ 74       The Second District responded: "We believe that the defendant's argument places form over substance and that both of his priors must be considered the functional equivalents of prior convictions under the recidivist exception of *Apprendi*." *Thompson*, 328 Ill. App. 3d at 364, 765 N.E.2d at 1212. (The Second District explained that, although a disposition of supervision was not technically a conviction under Illinois law, it was a conviction for purposes of *Apprendi* because to receive a disposition of supervision, the defendant had to plead guilty to DUI or had to stipulate to the underlying facts. *Thompson*, 328 Ill. App. 3d at 365, 765 N.E.2d at 1213.)

¶ 75       Echoing this language from *Thompson*, the majority says: "While defendant maintains the reason for the revocation is something other than a conviction for *Apprendi* purposes, that argument places form over substance and amounts to a distinction without a difference." *Supra* ¶ 39. This analogy to *Thompson* is flawed. In *Thompson*, the commission of

DUI was *inherent in* the conviction of DUI, such that by proving, in the sentencing hearing, that the defendant was convicted of DUI (as *Apprendi* allowed the State to do (*Apprendi*, 530 U.S. at 490)), the State *thereby* proved he committed the DUI of which he was convicted. A conviction of DUI (if the period for review has run out) estops the defendant from denying he committed the DUI. See *People v. Reed*, 262 Ill. App. 3d 473, 483-84, 634 N.E.2d 291, 298-99 (1994). But the conviction of DUI does not estop the defendant from denying that DUI was why the Secretary had revoked his license and from requiring the State to prove that allegation beyond a reasonable doubt. The Secretary's reason for the revocation is not *inherent in* the defendant's conviction of DUI the way his commission of DUI is. His conviction of DUI and the Secretary's use of the conviction as the reason for revoking his driver's license are two separate facts, one of them judicial and the other administrative. That the administrative fact would be a highly probable consequence of the judicial fact does not make them "functional equivalents," or the same fact, in the sense of *Thompson*. *Thompson*, 328 Ill. App. 3d at 364, 765 N.E.2d at 1212.

¶ 76                                  V. *Braman*

¶ 77        *Braman* is essentially the same case as *Thompson*. The defendant was charged with aggravated DUI (625 ILCS 5/11-501(a)(1) (West 1998)). *Braman*, 327 Ill. App. 3d at 1091, 765 N.E.2d at 501. The sentence-enhancing fact was "two prior DUI violations." *Braman*, 327 Ill. App. 3d at 1091, 765 N.E.2d at 501. The State waited until the sentencing hearing to present evidence of the "two prior DUI violations" (*Braman*, 327 Ill. App. 3d at 1092, 765 N.E.2d at 501), apparently in the form of prior convictions (*Braman*, 327 Ill. App. 3d at 1095, 765 N.E.2d at 504). The defendant complained, on appeal, that his conviction of aggravated DUI violated

*Apprendi* because the state had presented no evidence to the jury that he had two prior DUI violations. *Braman*, 327 Ill. App. 3d at 1092, 765 N.E.2d at 501. The Third District held: "*Apprendi* is not violated when a defendant is sentenced to an extended-term sentence based upon prior convictions." *Braman*, 327 Ill. App. 3d at 1095, 765 N.E.2d at 504.

¶ 78          Evidently, the Third District in *Braman* regarded the commission of DUI as inherent in the conviction of DUI, as did the Second District in *Thompson*. *Braman* and *Thompson* are inapposite because defendant in the present case was charged with felony driving while license revoked, not aggravated DUI. The present case involves a different statute, with different sentence-enhancing facts. Comparing the sentence-enhancing fact in *Braman* and *Thompson* to the different sentence-enhancing fact at issue in the present case is like comparing an apple and an orange.

¶ 79          Instead of resorting to this strained comparison to justify the violation of defendant's rights to a jury trial and to proof beyond a reasonable doubt, we should apply section 111-3(c-5) of the Procedure Code according to its plain terms:

> "(c-5) Notwithstanding any other provision of law, in all cases in which the imposition of the death penalty is not a possibility, if an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument or otherwise provided to the defendant through a

- 30 -

written notification before trial, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt." 725 ILCS 5/111-3(c-5) (West 2012).

That the Secretary revoked defendant's driver's license for DUI is not "the fact of a prior conviction," and no amount of fancy parsing can make it so. 725 ILCS 5/111-3(c-5) (West 2012). Rather, defendant's prior conviction of DUI is one fact, and the Secretary's adoption of that conviction as the rationale for revoking his driver's license is another fact, which should have been "submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt." 725 ILCS 5/111-3(c-5) (West 2012).

¶ 80       The majority says: "[D]efendant does not cite a single case supporting the proposition" that "the reason for the revocation is something other than a conviction for *Apprendi* purposes." *Supra* ¶ 39. The lack of precedents is readily explainable: *Bowman* and *DiPace* closed the door on that proposition—erroneously, as I have explained. Besides, we are permitted to read and apply section 111-3(c-5) and *Apprendi* for ourselves. Those two authorities are readily comprehensible, and we need not wait for someone else to mediate them to us. That the Secretary, in his records, stated DUI as the reason for revoking defendant's driver's license is a fact other than the fact of defendant's conviction of DUI, and therefore, under section 111-3(c-5), which codifies *Apprendi*, that fact had to be proved to the jury beyond a reasonable doubt— as, apparently, prosecutors used to do (see *People v. Roby*, 172 Ill. App. 3d 1060, 1063, 527 N.E.2d 623, 625 (1988)). Because the State failed to do so, it proved only misdemeanor driving while license revoked (625 ILCS 5/6-303(a) (West 2012)), and defendant's conviction and sentence should be reduced accordingly. See 725 ILCS 5/111-3(c-5) (West 2012) ("Failure to

- 31 -

prove the fact beyond a reasonable doubt is not a bar to a conviction for commission of the offense, but is a bar to increasing, based on that fact, the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for that offense.").