FIFTH DIVISION
January 7, 2011

No. 1-08-3090

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 07 CR 14329 |
| | ) | |
| CALVERT WHITE, | ) | Honorable |
| | ) | Mary Margaret Brosnahan, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUDGE EPSTEIN delivered the judgment of the court, with opinion.
Justices Fitzgerald Smith and Joseph Gordon concurred in the judgment and opinion.

OPINION

Defendant Calvert White appeals from a burglary conviction in October 2008 following a jury trial. He maintains he is entitled to a new trial based on the prosecutor's closing argument; the trial court's alleged failure to comply with Supreme Court Rule 431(b) (Ill. S. Ct. R. 431(b), eff. May 1, 2007); and the trial court's allegedly improper admission of defendant's two prior convictions. Defendant further claims the trial court unconstitutionally enhanced his sentence under section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8) (West 2008)), warranting a resentencing. For the reasons stated below, we affirm.

BACKGROUND

Defendant was arrested for burglary on June 28, 2007, shortly after 1:30 a.m. He took a decoy purse from an unmarked police car. Defendant testified at trial that he took the purse, as well

as a carton of cigarettes and a bottle, from the car, believing they belonged to "Slim," someone he knew. Slim allegedly directed defendant to take the items out of the car and watch them while Slim ran into a liquor store that was about to close. Defendant was arrested when he started to cross the street, allegedly intending to merely sit at the bus stop across the street and wait for Slim.

The State called three witnesses. Officer Brian Rodriguez testified that he was part of the burglary investigation on June 28, 2007, that led to defendant's arrest. The area at which defendant was arrested allegedly had an ongoing problem of thefts from cars. Officer Rodriguez's role was to watch the decoy purse that had been placed on the passenger seat of the unmarked police car. The car was approximately 45 to 50 feet away from him, with its windows completely open. Defendant allegedly approached the car, looked inside, backed up, and turned his head from side to side. He then approached the car a second time and removed the purse through the passenger window. Officer Rodriguez did not see defendant talking to anyone nor did he notice anyone around him. Defendant then allegedly placed the purse under his arm and walked away from the car, crossing the street. Officer Rodriguez radioed other officers and described defendant, who was then arrested.

Officer Billy Todde, another member of the investigation team, testified that he parked the unmarked car at the scene, placed the decoy purse on the front seat, lowered the windows, and walked away. He then entered another unmarked car to await further instructions from Officer Rodriguez. After being notified that defendant had taken the purse, Officer Todde returned to the scene and stopped defendant in the middle of the street, about 30 feet from the car. He found the purse in defendant's possession and arrested him.

Officer Mark Schlink, the State's rebuttal witness, affirmed Officer Todde's testimony and

added that defendant was carrying only the decoy purse and nothing else. The State also offered, in rebuttal, certified copies of defendant's two misdemeanor retail theft convictions from May 20, 1999, and May 17, 1999 (People's Exhibits 2 and 3). The trial court admitted those convictions, but barred the introduction of defendant's two other misdemeanor theft convictions from 1998 and 1999, finding that the prejudicial impact outweighed the probative value. Defendant's convictions were admitted solely to impeach his testimony. Nonetheless, the prosecutor argued in closing that: "The defendant is a thief, and you know he's a thief because of People's Exhibit No. 2 and People's Exhibit No. 3." Defendant did not object. The trial court later instructed the jurors that:

"Any evidence that was received for a limited purpose should not be considered by you for any other purpose. You should disregard testimony and exhibits which the Court has refused or stricken.

The evidence which you should consider consists only of the testimony of the witnesses and the exhibits which the Court has received.

* * *

Opening statements are made by the attorneys to acquaint you with the facts they expect to prove. Closing arguments are made by the attorneys to discuss the facts and circumstances in the case and they should be confined to the evidence and to reasonable inferences that can be drawn from the evidence.

Neither opening statements nor closing arguments are evidence, as we talked about earlier, and any statement or argument made by the lawyers which is not based on any of the evidence should be disregarded.

3

* * *

Evidence of defendant's previous conviction of any offense may be considered by you only as it may effect his believability as a witnesses and must not be considered by you as evidence of his guilt of the offense which is he is charged. "

The jury returned a guilty verdict. Defendant then filed a motion for acquittal and a new trial, arguing that the State had not sustained its burden and that his prior convictions were inadmissible. The motion was denied.

At sentencing, the trial court inquired whether the parties wished to amend defendant's presentencing investigation report (PSI). Defendant declined to do so, and the State corrected two convictions, without any objection. The State then argued in aggravation that a mandatory Class X sentence should be imposed because defendant allegedly had "[a] 1991 conviction for possession for a controlled substance with intent to deliver, which was a class 1. And there is a 1999 conviction for delivery of a controlled substance, which was also a class 1." Although the PSI shows that defendant was convicted for delivery of a controlled substance in *1990*, not 1999, defendant's counsel, who argued in mitigation, did not object to the prosecutor's statement or attempt to correct it.

The trial court imposed a Class X sentence, finding:

"In taking into account, there is a lot of misdemeanor convictions in the defendant's history, and its true that he does have five prior felony convictions, the last of which was in, was from a 1990 case, later in 1991, so some 17 years before this case occurred. So I'm taking all of those factors into consideration.

Based upon the defendant's background, I find he is subject to mandatory

4

class X sentencing, based upon the two convictions highlighted by the State. I'll sentence the defendant to six years, the minimum sentence under the law, in the Illinois Department of Corrections."

Defendant did not object to the sentence nor did he file a post-sentencing motion. He nevertheless maintains his sentence was unconstitutionally enhanced, that the trial court erred in admitting his two prior theft convictions, and that it failed to comply with Rule 431(b).

## ANALYSIS

### A. Defendant Has Forfeited His Rule 431(b) Claim

Amended Supreme Court Rule 431(b) mandates:

"The court shall ask each potential juror, individually or in a group, whether that juror understands and accepts the following principles: (1) that the defendant is presumed innocent of the charge(s) against him or her; (2) that before a defendant can be convicted the State must prove the defendant guilty beyond a reasonable doubt; (3) that the defendant is not required to offer any evidence on his or her own behalf; and (4) that the defendant's failure to testify cannot be held against him or her; however, no inquiry of a prospective juror shall be made into the defendant's failure to testify when the defendant objects.

The court's method of inquiry shall provide each juror an opportunity to respond to specific questions concerning the principles set out in this section." Ill. Sup. Ct. R. 431(b), eff. May 1, 2007.

As recently explained by our supreme court:

"The language of Rule 431(b) is clear and unambiguous. The rule states that the trial court 'shall ask' potential jurors whether they understand and accept the enumerated principles. While the prospective jurors may be questioned individually or in a group, the method of inquiry must 'provide each juror an opportunity to respond to specific questions concerning the Rule 431(b) principles.' The committee comments emphasize that trial courts may not simply give 'a broad statement of the applicable law followed by a general question concerning the juror's willingness to follow the law.' 177 Ill. 2d R. 431, Committee Comments.

Rule 431(b), therefore, mandates a specific question and response process. The trial court must ask each potential juror whether he or she understands and accepts each of the principles in the rule. The questioning may be performed either individually or in a group, but the rule requires an opportunity for a response from each prospective juror on their understanding and acceptance of those principles."

*People v. Thompson*, No. 109033, slip op. at 6 (October 21, 2010).

Here, the trial court instructed the jurors:

"Under our law, a defendant is presumed to be innocent of the charge placed against him. The presumption of innocence stays with the defendant throughout the whole trial even during your deliberations on the verdict and it's not overcome unless from looking at all of the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty.

The defendant is not required to prove his innocence and that means the

6

defendant does not have to call any witnesses, the defendant himself does not have to testify, that's true in this case and in every criminal case across the country. The reason for that is it's the State's burden of proving somebody guilty beyond a reasonable doubt by themselves. The defendant does not have to put on any evidence at all."

The court continued:

"As I just stated a couple of minutes ago, the defendant in this case just like every criminal case across out country is presumed to be innocent of the charge against him, and what that means is that he doesn't have to put any evidence forward on his own behalf, he must be proven guilty beyond a reasonable doubt by the State. Raise your hand if you don't understand that. Nobody is raising your hand as I expected - - I'm sorry, you are raising your hand. What is your name, ma'am.

PROSPECTIVE JUROR: Essie Bowman.

THE COURT: Okay.

PROSPECTIVE JUROR: I hear everything you are saying but I don't pick all that, I have special need, people help me when I -

THE COURT: Ms. Bowman, what I'm going to ask the attorneys to do is write down your name so if you happen to be any of the people that we talk to individually, Ms. Bowman, I will talk to you more fully about that, okay.

PROSPECTIVE JUROR: Okay.

THE COURT: There are no other hands raised. Other than Ms. Bowman, is

7

there anybody here even though you understand, anybody here who has some fundamental problem with that cornerstone of our criminal justice system.

(No response.)

THE COURT: Nobody is raising their hand."

The trial court sufficiently complied with Rule 431(b) with respect to the State's burden of proof, defendant's evidentiary burden, and the presumption of innocence. Defendant disagrees, arguing that the trial court's inquiry improperly "blurred the distinction between the individuals principles and did not afford the prospective jurors an adequate opportunity to express doubt or bias about the individual concepts." This argument fails. We have already held that Rule 431(b)

"does not identify or dictate a particular methodology for establishing the understanding or acceptance of the venire as to those principles.

Importantly, the rule speaks of 'principles' instead of questions. Likewise, the rule does not set out these principles in the form of questions to be posed *in haec verba*. Nor does the rule provide for any 'magic words' or 'catechism' in order to satisfy its mandate." *People v. Vargas*, 396 Ill. App. 3d 465, 472 (2009);

*People v. Digby*, No. 1-09-0902, slip op. at 7 (November 24, 2010) ("Rule 431(b) does not dictate a particular methodology for establishing the venire's understanding or acceptance of those principles"). The trial court sufficiently inquired whether the potential jurors understood and accepted the State's burden of proof, defendant's evidentiary burden, and the presumption of innocence.

As for the fourth principle in Rule 431(b), the trial court instructed the jurors:

"[D]efendant doesn't have to present any evidence, that means he doesn't

have to testify on his own behalf. If the defendant decides not to testify on his own behalf, that's one of his rights, guaranteed to him as a citizen of this country and you must not and cannot hold it against him. Is there anybody here who couldn't follow the law in that regard?

(No response.)

THE COURT: Nobody is raising their hand."

While this was sufficient to determine whether the jurors accepted defendant's right not to testify, it did not ask whether the potential jurors understood that right. This inquiry does not satisfy Rule 431(b). Defendant did not, however, raise this issue in the trial court. Although that would generally waive the alleged error on appeal (*People v. Enoch*, 122 Ill. 2d 176, 186 (1988) ("failure to raise an issue in a written motion for a new trial results in a waiver of that issue on appeal")) defendant claims Rule 431(b) objections may not be waived or, alternatively, application of the waiver rule should be relaxed for Rule 431(b) claims. Our supreme court recently rejected both arguments, however, stating:

"To preserve a claim for review, a defendant must both object at trial and include the alleged error in a written posttrial motion. [Citation.] Here, defendant did not object to the trial court's failure to comply with Rule 431(b) or include that issue in his posttrial motion. Accordingly, we agree that defendant has forfeited appellate review of his claim.

In support of his argument on relaxing the forfeiture rule, defendant raises what this court has termed the '*Sprinkle* doctrine.' We recently explained that under

9

the *Sprinkle* doctrine, the forfeiture rule may be relaxed when a trial judge oversteps his or her authority in the presence of the jury or when counsel has been effectively prevented from objecting because it would have ' "fallen on deaf ears." ' *People v. Hanson,* No. 106566, slip op. at 33 (June 24, 2010), quoting *McLaurin,* 235 Ill. 2d at 488. The failure to preserve an error will be excused under the *Sprinkle* doctrine only in extraordinary circumstances, however, such as when a judge makes inappropriate remarks to a jury or relies on social commentary instead of evidence in imposing a death sentence. [Citations.] We have stressed the importance of applying the forfeiture rule uniformly except in compelling situations because failure to raise a claim properly denies the trial court an opportunity to correct an error or grant a new trial, thus wasting time and judicial resources. [Citation.]

In this case, there is no indication that the trial court would have ignored an objection to the Rule 431(b) questioning. We presume that the trial court would have complied with the mandatory language of Supreme Court Rule 431(b) had the error been pointed out at trial. Moreover, defendant does not argue that the trial court overstepped its authority in the jury's presence. A simple objection would have allowed the trial court to correct the error during *voir dire.* Accordingly, we conclude there is no compelling reason to relax the forfeiture rule in this case." *Thompson*, Slip op. at 9-10.

The same result is warranted here. Defendant has not demonstrated that his objection would have been disregarded by the court nor has he established any other compelling reason for relaxing the

1-08-3090

forfeiture rule.

Where, as in this case, "the defendant fails to make a timely objection and therefore forfeits review, the reviewing court will [nonetheless] examine the record only for plain error." *People v. McLaurin*, 235 Ill. 2d 478, 495 (2009). "Plain error is a narrow and limited exception to the general waiver rule." *People v. Pastorino,* 91 Ill. 2d 178, 188 (1982). It applies only

> "when (1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski,* 225 Ill. 2d 551, 565 (2007).

"In a plain-error review, the burden of persuasion remains on the defendant." *McLaurin*, 235 Ill. 2d at 495.

Defendant claims both prongs of plain-error review. The first prong applies "where the evidence in a case is so closely balanced that the jury's guilty verdict may have resulted from the error and not the evidence." *People v. Herron,* 215 Ill. 2d 167, 178 (2005). The court must "consider whether the outcome of defendant's trial may have been affected by the trial court's failure to ask potential jurors if they *** understood that defendant had the right not to testify *** . The defendant must establish *that the error alone could have led to his conviction*." (Emphasis added.) *People v. Willis,* 402 Ill. App. 3d 47, 54 (2010). That has not been done here. Even if the evidence was closely balanced, the trial court's failure to inquire whether the potential jurors understood defendant's right

11

not to testify was of no consequence since defendant testified at trial and the trial court instructed the potential jurors of defendant's right not to testify. No plain error occurred under the first prong of review.

With respect to the second prong, defendant claims the trial court's error deprived him of a fair trial by an impartial jury. Defendant has not provided any evidence, however, demonstrating that the jury was biased. As recently clarified by our supreme court, mere violation of Rule 431(b) does not render a jury biased nor warrant automatic reversal under the second prong of plain-error review:

> "A finding that defendant was tried by a biased jury would certainly satisfy the second prong of plain-error review because it would affect his right to a fair trial and challenge the integrity of the judicial process. Critically, however, defendant has not presented any evidence that the jury was biased in this case. Defendant has the burden of persuasion on this issue. We cannot presume the jury was biased simply because the trial court erred in conducting the Rule 431(b) questioning.
>
> * * *
>
> Our amendment to Rule 431(b) does not indicate that compliance with the rule is now indispensable to a fair trial. As we have explained, the failure to conduct Rule 431(b) questioning does not necessarily result in a biased jury, regardless of whether that questioning is mandatory or permissive under our rule. Although the amendment to the rule serves to promote the selection of an impartial jury by making questioning mandatory, Rule 431(b) questioning is only one method of helping to ensure the selection of an impartial jury. [Citation.] It is not the only means of achieving that

objective. A violation of Rule 431(b) does not implicate a fundamental right or constitutional protection, but only involves a violation of this court's rules. [Citation.] Despite our amendment to the rule, we cannot conclude that Rule 431(b) questioning is indispensable to the selection of an impartial jury." *Thompson*, Slip op. at 11-12.

Since there is no evidence here that defendant's jury was biased, the second prong of plain-error review is inapplicable. Defendant has forfeited his Rule 431(b) claim.

### B. Defendant's Two Prior Theft Convictions Were Properly Admitted

"A trial court's ruling on the admissibility of other-crimes evidence will not be reversed absent an abuse of discretion. [Citations.] An abuse of discretion occurs where the trial court's ruling is arbitrary, fanciful or where no reasonable person would take the view adopted by the trial court." *People v. Childress*, 338 Ill. App. 3d 540, 545 (2003). Defendant maintains here that the trial court erroneously admitted his two prior misdemeanor theft convictions.

"Evidence of prior convictions is admissible for impeachment purposes if (1) the witness's crime was punishable by death or by imprisonment for more than one year, or the crime involved dishonesty or false statement regardless of the punishment; (2) the witness's conviction or release from confinement, whichever date is later, occurred less than 10 years before the date of trial; and (3) the danger of unfair prejudice does not substantially outweigh the probative value of the conviction." *People v. Whirl*, 351 Ill. App. 3d 464, 466-67 (2004).

Defendant claims his two convictions were of minimal probative value and were highly prejudicial, that the trial court failed to sufficiently weigh the age of the convictions, and that the trial court

overlooked defendant's productive lifestyle since 1999.

> "Trial judges are given factors to use when conducting the balancing test-an exercise in discretion. These include the nature of the prior conviction, its recency and similarity to the present charge, other circumstances surrounding the prior conviction, and the length of the witness's criminal record. [Citation.] Convictions of the same crime for which the defendant is on trial should be admitted 'sparingly.' [Citation.] However, the supreme court found no error where the trial judge in a burglary case allowed the defendant to be impeached with two prior burglary convictions." *Stokes v. City of Chicago*, 333 Ill. App. 3d 272, 279-80 (2002).

"The trial court has discretion in the balancing test and in determining whether a prior conviction is admissible. [Citation.] However, the trial court should not apply the balancing test mechanically [citation], and the record must include some indication that the trial court was aware of its discretion to exclude a prior conviction [citation]." *Whirl*, 351 Ill. App. 3d at 467. The trial court need not articulate all the factors considered in its application of the balancing test. *People v. Atkinson*, 186 Ill. 2d 450, 462-63 (1999). The record here clearly reveals that the trial court was aware of its discretion and exercised it:

> "I understand the arguments of both of the parties and I think that there is always a careful balancing test to be performed when admitting proof of other crimes. In this case, certainly the defendant is charged with burglary and the element is did he intend to commit a theft, so certainly it is somewhat prejudicial that the defendant's five prior felony convictions that fall within the scope of *Montgomery* are all thefts.

On the other hand, that has to be balanced against the defendant's testimony and his credibility. I think in this case, weighing the probative value versus the prejudicial effect, I find that it is relevant for the jurors to take into account the convictions listed under A and B, those two retail thefts. I think that suffices, for purposes of allowing the jurors an opportunity to evaluate the defendant's credibility in light of his background.

With respect to misdemeanors that you list in C, D and E which are again all thefts from '98 and '99, I'm not going to allow those to come into evidence. I think that would be too prejudicial to let in five of them. I think they are going to be able to weigh his credibility sufficiently with two of the eligible five misdemeanor convictions. So that will be my ruling on that."

Rather than "verbal homage" to the balancing test, the trial court's ruling demonstrates reasoned application. While defendant's convictions were not recent, it cannot be said on the record *sub judice* that the trial court applied the balancing test improperly. That others may have reached a different result does not render the trial court's decision erroneous. *People v. Chapman*, 262 Ill. App. 3d 439, 461 (1992) ("A reviewing court may not simply substitute its judgment for that of the trial court on a matter within the trial court's discretion"). The trial court did not abuse its discretion.

C. The Prosecutor's Closing Arguments, Though Improper, Were Not Substantially Prejudicial

"It is well established that prosecutors are afforded wide latitude in closing argument, and improper remarks will not merit reversal unless they result in substantial prejudice to the defendant. [Citation.] In reviewing allegations of

15

prosecutorial misconduct, the closing arguments of both the State and the defendant

must be examined in their entirety, and the complained-of remarks must be placed in

their proper context." *People v. Kitchen,* 159 Ill. 2d 1, 38-39 (1994).

Here, the prosecutor argued in closing:

"Your verdict should be based on evidence and the evidence in this case comes from

the witnesses' testimony and the evidence in this case comes from the exhibits that

have been entered. The defendant is a thief, and you know he's a thief because of

People's Exhibit No. 2 and People's Exhibit No. 3 [defendant's prior convictions].

The defendant paints a nice picture of himself not doing anything wrong but that

doesn't mean that he wasn't doing anything wrong."

This argument was clearly improper and contrary to the law governing admission of prior convictions.

*People v. Williams*, 161 Ill. 2d 1, 39-40 (1994) ("It is a fundamental tenet of our criminal justice

system *** that the introduction of evidence of other crimes to show or suggest a propensity to

commit crime is an improper purpose and is prohibited"). While we do not in any way condone the

prosecutor's argument, defendant waived the issue by failing to object during closing or through a

post-trial motion. "Generally, failure to object to any impropriety in counsel's closing argument

results in waiver unless comments are so inflammatory and prejudicial that [defendant] is denied a fair

trial." *Limanowski v. Ashland Oil Co.*, 275 Ill. App. 3d 115, 118 (1995).

"In reviewing comments made at closing arguments, this court asks whether or not

the comments engender substantial prejudice against a defendant such that it is

impossible to say whether or not a verdict of guilt resulted from them. [Citation.]

16

Misconduct in closing argument is substantial and warrants reversal and a new trial if the improper remarks constituted a material factor in a defendant's conviction. [Citation.]. If the jury could have reached a contrary verdict had the improper remarks not been made, or the reviewing court cannot say that the prosecutor's improper remarks did not contribute to the defendant's conviction, a new trial should be granted." *People v. Wheeler*, 226 Ill. 2d 92, 123 (2007).

We are not persuaded on the record *sub judice* that counsel's comment was so improper or so prejudicial as to warrant a new trial, particularly in light of the trial court's subsequent admonishment to the jury that:

"Any evidence that was received for a limited purpose should not be considered by you for any other purpose. You should disregard testimony and exhibits which the Court has refused or stricken.

The evidence which you should consider consists only of the testimony of the witnesses and the exhibits which the Court has received.

* * *

Opening statements are made by the attorneys to acquaint you with the facts they expect to prove. Closing arguments are made by the attorneys to discuss the facts and circumstances in the case and they should be confined to the evidence and to reasonable inferences that can be drawn from the evidence.

Neither opening statements nor closing arguments are evidence, as we talked about earlier, and any statement or argument made by the lawyers which is not based

1-08-3090

on any of the evidence should be disregarded.

* * *

Evidence of defendant's previous conviction of any offense may be considered by you only as it may effect his believability as a witnesses and must not be considered by you as evidence of his guilt of the offense which is he is charged."

We are not persuaded that defendant was denied a fair trial.

Defendant maintains reversal is nonetheless warranted because the underlying evidence here was closely balanced. Again, plain error review may be invoked where "a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error." *Piatkowski,* 225 Ill. 2d at 565. The evidence here was not, however, closely balanced. While defendant and the police officers called by the State provided competing versions of the events, the State also introduced two of defendant's prior convictions to impeach defendant's testimony credibility. We are not convinced the prosecutor's isolated misstatement during closing may have led to the jury's verdict. Plain error review is inapplicable.

### D. Defendant's Sentence Is Affirmed

Defendant argues that the trial court unconstitutionally imposed a Class X sentence under the section 5-5-3(c)(8) of the Unified Code of Corrections (730 ILCS 5/5-5-3(c)(8)) (West 2008) because the State did not prove the statutory elements therein beyond a reasonable doubt and the trial court impermissibly relied on defendant's presentencing investigation report (PSI) to determine the timing of defendant's prior crimes and convictions. "To be sentenced under the Class X provision,

18

a defendant must have previously been twice convicted of a Class 2 or greater class felony, and the commission and conviction dates of the prior felonies must have occurred in the chronological order mandated by the statute." *People v. Williams*, 149 Ill. 2d 467, 473 (1992). Section 5-5-3(c)(8) mandates, in relevant part:

> "When a defendant, over the age of 21 years, is convicted of a Class 1 or a Class 2 felony, after having twice been convicted in any state or federal court of an offense that contains the same elements as an offense now classified in Illinois as a Class 2 or greater Class felony and such charges are separately brought and tried and arise out of different series of acts, such defendant shall be sentenced as a Class X offender. This paragraph shall not apply unless (1) the first felony was committed after the effective date of this amendatory Act of 1977; and (2) the second felony was committed after conviction of the first; and (3) the third felony was committed after conviction of the second." 730 ILCS 5/5-5-3(c)(8) (West 2008).

Defendant claims his sentence was unconstitutionally enhanced because the State failed to establish the timing of his prior offenses beyond a reasonable doubt and that it is "constitutionally insufficient for a sentencing judge to rely on lesser evidence–such as a PSI drafted by the Adult Probation Department–when determining the existence of sentence-enhancing facts." The State responds, *inter alia*, that defendant has forfeited this issue because he did not object or file a postsentencing motion.

Defendant "may challenge the constitutionality of a statute at any time." *People v. Wagener,* 196 Ill. 2d 269, 279 (2001). We have already held, however, subsequent to *Shepard v. United States*, 544 U.S. 13, 16-26 (2005), that section 5-5-3(c)(8) is not unconstitutional and that the factors

1-08-3090

thereunder need not be proven beyond a reasonable doubt. *People v. Yancy*, 368 Ill. App. 3d 381, 393 (2005); accord *People v. Matthews*, 362 Ill. App. 3d 953 (2005), *appeal denied*, 219 Ill. 2d 583 (2006), and *People v. Rivera*, 362 Ill. App. 3d 815 (2005), *appeal denied*, 218 Ill. 2d 553 (2006). Moreover, a trial court may rely on a PSI to impose a Class X sentence. *Rivera,* 362 Ill. App. 3d at 821 ("a presentence report, like the one in the instant case, is generally a reliable source for the purpose of inquiring into a defendant's criminal history"); *Yancy*, 368 Ill. App. 3d at 393 (holding that "in finding that an enhanced sentence was warranted, the sentencing court was entitled to rely on evidence *** in defendant's PSI"). Here, defendant's PSI shows two felony drugs convictions: February 9, 1990, and February 14, 1991. Defendant's Illinois State Police criminal history record, included as part of the PSI, shows that the second offense occurred on August 2, 1990. Defendant's Class X sentence is affirmed.

CONCLUSION

We affirm defendant's conviction and sentence. Although the trial court did not fully comply with Rule 431(b), defendant forfeited that issue by failing to timely object, and plain-error review is inapplicable. The trial court did not err in admitting defendant's two prior theft convictions, and the the prosecutor's closing arguments, though improper, were not so prejudicial as to warrant a new trial.

Affirmed.