2020 IL App (1st) 180275

FIRST DISTRICT
SIXTH DIVISION
June 26, 2020

Nos. 1-18-0275 & 1-18-0306 (cons.)

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 16 CR 17951 |
| | ) | |
| BERNARD GULLY, | ) | Honorable |
| | ) | Nicholas R. Ford, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Connors concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a 2017 jury trial, defendant Bernard Gully was convicted of the Class 1 felony offense of driving on a revoked license and sentenced as a mandatory Class X offender to 12 years' imprisonment. On appeal, defendant contends that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the elements or facts that elevated his offense from a Class A misdemeanor to a Class 1 felony were not presented to or found by the jury but were facts other than the fact of a prior conviction. For the reasons stated below, we affirm.

¶ 2                                 I. JURISDICTION

¶ 3    On November 13, 2017, a jury found defendant guilty of driving on a revoked license. On December 15, 2017, the court sentenced him to 12 years' imprisonment. Defendant filed a motion to reconsider his sentence on January 10, 2018, which the court denied on January 24, 2018. Defendant filed notices of appeal on January 4 and 24, 2018, commencing cases No. 1-18-0275 and No. 1-18-0306 respectively, which have been consolidated. Accordingly, this court has

jurisdiction pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013) and Rule 606 (eff. July 1, 2017), governing appeals from a final judgment of conviction in a criminal case.

¶ 4                                    II. BACKGROUND

¶ 5     Defendant was charged in relevant part with driving on a suspended or revoked license for allegedly, on or about August 9, 2016, driving a motor vehicle on a highway while his driver's license was revoked. The charge asserted that the State would seek a Class 1 felony sentence upon allegations that defendant committed the instant offense and had two prior convictions for driving on a suspended or revoked license, while his license was revoked for reckless homicide.

¶ 6     Defendant represented himself from before trial through the sentencing hearing. The court told defendant before trial that he would receive a Class X sentence if convicted because the instant Class 1 felony offense and his prior convictions made him a mandatory Class X offender. The court also told defendant that the only issue for the jury would be whether he drove a motor vehicle on a highway while his license was revoked.

¶ 7     At trial, police officer George Marks testified that, just before 11 p.m. on August 9, 2016, he and another officer were on duty when they stopped a black 1999 GMC Jimmy after Marks saw it make a right turn from one public street to another without using a turn signal. The two officers walked up to the vehicle, and Marks saw that the sole occupant was defendant in the driver's seat. When defendant was asked for his license and proof of insurance, he replied that he had neither. Marks then noticed an open container of beer inside the vehicle. The officers had defendant exit the vehicle for sobriety testing, but the test that was conducted did not show impairment. A check

of defendant's name in computerized police records indicated that his driver's license had been revoked, so defendant was arrested.

¶ 8     Craig Turton, an employee of the Illinois Secretary of State (Secretary), testified that he produced from the Secretary's records a statement certifying that, on August 9, 2016, defendant's driver's license had been revoked. The statement was entered into evidence at trial and was included in the record on appeal. In the statement, the Secretary certifies that, pursuant to the Secretary's records, defendant's driver's license was revoked as of November 2, 1986, and was in revoked status as of August 9, 2016.

¶ 9     The State rested, and the court denied a directed verdict.

¶ 10     Officer Marks testified for the defense that, on the night in question and in the area where defendant was stopped, Marks and his partner were engaged in traffic enforcement with about 10 other teams of officers as part of an initiative to increase police presence in areas with increased crime. Another team stopped a vehicle but did not cite the driver near defendant's stop about 15 minutes later, but that was not defendant's stop. Marks and his partner began following defendant when they saw him turn without signaling and stopped him when he again turned without signaling. In between, he stopped properly at a stop sign.

¶ 11     Defendant testified that he was driving on the night in question when he encountered a checkpoint or blockade, and he turned to avoid it. When he turned, there was no vehicle behind him. On cross-examination, defendant reiterated that he was driving that night and admitted that his driver's license was revoked at the time.

¶ 12    In rebuttal, as impeachment evidence, the State entered defendant's prior convictions in January 2016 for aggravated battery in case No. 13 CF 2517 and in June 2010 for attempted burglary in case No. 09 CR 14345.

¶ 13    The jury was instructed in relevant part that a person commits driving on a revoked license by being in actual physical control of a motor vehicle on a highway while his driver's license is revoked. Following deliberations, the jury found defendant guilty of driving on a revoked license.

¶ 14    Defendant filed no posttrial motion.

¶ 15    The presentencing investigative report (PSI) indicated in relevant part that defendant had convictions for attempted burglary, with two years' imprisonment, in case No. 09 CR 14345; burglary, with four years' imprisonment, in case No. 92 CR 27094; a controlled substance offense, with six years' imprisonment, in case No. 87 CR 11904; and reckless homicide, with 27 months' imprisonment, after violating an original sentence of probation in case No. 86 CR 14921.

¶ 16    At sentencing, the State noted defendant's 1986 conviction for reckless homicide, asserted that his convictions for burglary and aggravated battery were Class 2 felonies, noted that the State had certified copies of those convictions, and argued that defendant was a mandatory Class X offender. The State also noted that defendant had multiple prior convictions for driving on a suspended or revoked license and that three convictions, including the instant case, followed the revocation of his license for reckless homicide. The State entered into evidence the abstract of defendant's driving record. Following arguments in aggravation and mitigation, the court found defendant to be a mandatory Class X offender for the instant Class 1 felony and sentenced him to 12 years' imprisonment.

¶ 17 The record on appeal includes certified copies of defendant's convictions for reckless homicide in case No. 86 CR 14921, the Class 2 felony offense of burglary in case No. 92 CR 27094, attempted burglary in case No. 09 CR 14345, and the Class 2 felony offense of aggravated battery in Will County case No. 13 CF 2517.

¶ 18 The record also includes defendant's driving abstract from the Secretary. From 1982 to 1999, defendant had various revocations and suspensions of his license, including his first revocation in November 1986, and various convictions for driving on a suspended or revoked license. The abstract reflects that defendant was arrested for reckless homicide in October 1986 with a conviction in June 1989 and that revocation of his license for reckless homicide resulting from operation of a motor vehicle was entered effective October 2001. Defendant had convictions for driving on a suspended or revoked license in 2002 and 2015, and he was issued a restricted driving permit in October 2013 that was cancelled in February 2014.

¶ 19 Counsel, appointed for defendant after sentencing, filed a motion to reconsider the sentence that did not raise an *Apprendi* claim. The court denied the motion, and this appeal followed.

¶ 20                                     III. ANALYSIS

¶ 21 On appeal, defendant contends that his Class X prison sentence of 12 years violates *Apprendi* because the elements or facts that elevated his offense from a Class A misdemeanor to a Class 1 felony were not presented to, or found by, the jury but were facts other than the fact of a prior conviction, as provided in *Apprendi*.

¶ 22 As a threshold matter, we note that defendant raised no *Apprendi* claim in the trial court. It is axiomatic that the plain error doctrine allows a reviewing court to consider unpreserved error when a clear or obvious error occurred and either (1) the evidence was so closely balanced that the

error alone threatened to tip the scales of justice against the defendant or (2) the error was so serious that it affected the fairness of the defendant's trial and the integrity of the judicial process. *People v. Jones*, 2016 IL 119391, ¶ 10. For plain error, an *Apprendi* claim requires a showing of prejudice. *Id.* There is no prejudice, and thus no plain error, from an alleged *Apprendi* violation if undisputed evidence shows that the State could have proven the sentence-enhancing facts beyond a reasonable doubt. *People v. Fernandez*, 2014 IL App (1st) 120508, ¶ 31. The first step of plain error analysis is determining whether an error occurred at all. *Jones*, 2016 IL 119391, ¶ 10.

¶ 23    Driving on a suspended or revoked license is generally a Class A misdemeanor. 625 ILCS 5/6-303(a) (West 2016). However, a third conviction for said offense is a Class 1 felony if the instant offense and the prior convictions "occurred while the person's driver's license was suspended or revoked for a violation of Section 9-3 of the *** Criminal Code of 2012, relating to the offense of reckless homicide." *Id.* § 6-303(d-2.5)(1), (2); 720 ILCS 5/9-3 (West 2016). A driver's license "may be subject to multiple revocations, multiple suspensions, or any combination of both simultaneously. No revocation or suspension shall serve to negate, invalidate, cancel, postpone, or in any way lessen the effect of any other revocation or suspension entered prior or subsequent to any other revocation or suspension." 625 ILCS 5/6-303(a-10) (West 2016).

¶ 24    By statute, when the State is seeking an enhanced sentence due to a prior conviction, "the fact of such prior conviction and the State's intention to seek an enhanced sentence are not elements of the offense and *may not* be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial." (Emphasis added.) 725 ILCS 5/111-3(c) (West 2016). An enhanced sentence is a sentence increased to a higher class of offense by a prior conviction. *Id.* Thus, for an enhanced sentence for driving on a suspended or revoked license, "it is clear that the

prior convictions are not elements of the offense that the State must prove to the trier of fact"—indeed, they "may *not* be disclosed to the jury"—and instead the "existence of the prior conviction is used after a defendant's conviction to increase the classification of the crime at sentencing." (Emphasis added.) *People v. Lucas*, 231 Ill. 2d 169, 181 (2008).

¶ 25    The Supreme Court held in *Apprendi* that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Shepard v. United States*, 544 U.S. 13, 21-23 (2005), the Court rejected the proposition that a sentencing court could extend a defendant's sentence based on prior convictions by "going beyond conclusive records made or used in adjudicating guilt and looking to documents submitted to lower courts even prior to charges," such as police reports and applications for complaints. Instead, a sentencing court imposing an extended sentence may evaluate a prior conviction based on documents with "the conclusive significance of a prior judicial record" (*id.* at 25 (opinion of Souter, J., joined by Stevens, Scalia, and Ginsburg, JJ.)), such as charging documents, statutory definitions, written plea agreements, plea hearing transcripts, jury instructions, express factual findings from a bench trial, or "some comparable judicial record of this information." *Id.* at 26 (majority opinion).

¶ 26    For *Apprendi* purposes, we have repeatedly held that recidivism statutes, extending the sentencing range based on prior convictions, encompass not just the convictions themselves but related matters such as "the defendant's age, proof of the sequence of prior offenses, proof that they were separately brought and tried, and proof that they arose out of different series of acts," which we consider intertwined with recidivism. *People v. Moore*, 365 Ill. App. 3d 53, 66 (2006). Thus, "the 'fact of a prior conviction,' which may be found by a sentencing court, includes facts

intrinsic in the conviction, such as its timing and its sequence in relation to other convictions." *People v. Ligon*, 365 Ill. App. 3d 109, 127 (2006); see also *People v. Brown*, 229 Ill. 2d 374, 385 n.5 (2008) ("we shall assume for the purposes of this appeal that the timing and sequence of defendant's prior convictions are facts inherent in the convictions themselves and, as such, fall within the recidivism exception to the *Apprendi* rule").

¶ 27    We have held that recidivism statutes do not violate *Shepard*. *People v. White*, 407 Ill. App. 3d 224, 237 (2011).

> "*Shepard*'s holding applied to sentencing enhancement that required findings of fact related to the elements of an underlying crime that would make such crimes predicate offenses for the purposes of enhancing a sentence. *Shepard* did not consider whether facts such as if and when a felony was committed are related to the elements of the predicate prior convictions. We find that they are not." *People v. Johnson*, 372 Ill. App. 3d 772, 780 (2007).

We have distinguished between a sentencing court making a factual analysis and a legal analysis of a defendant's prior offenses—that is, "the court *** making findings about the facts underlying the previous conviction as opposed to about the conviction itself"—with the former being improper under *Shepard* and the latter being proper. *People v. Bolton*, 382 Ill. App. 3d 714, 724 (2008).

¶ 28    Our supreme court has held that a sentencing court does not run afoul of *Shepard* when it relies upon information in a PSI to extend a sentence. *Jones*, 2016 IL 119391, ¶ 40. A "PSI is of a markedly different character than a police report or complaint application, with which the Court in *Shepard* was concerned. As noted above, a PSI, with its statutorily mandated requirements, is generally viewed as a reliable source of a defendant's criminal history." *Id.*

¶ 29    In *People v. Owens*, 2016 IL App (4th) 140090, ¶¶ 1-4, a defendant convicted of driving on a revoked license who received a felony sentence upon the trial court's finding of statutory enhancing factors challenged his felony sentence under *Apprendi*. The statutory enhancing factors were a prior conviction for the same offense and a license revocation for driving under the influence (DUI). However, this court found—in light of section 111-3(c) (725 ILCS 5/111-3(c) (West 2016)) and various cases, including *Lucas*, 231 Ill. 2d 169—that (1) the elements of driving on a revoked license are driving or being in physical control of a motor vehicle while one's license or permit to drive is revoked and (2) "the State is not required to prove, as an element of a defendant's enhanced driving with a revoked license offense, the fact that the original revocation of his license was predicated on a DUI conviction." *Owens*, 2016 IL App (4th) 140090, ¶¶ 33-34.

> "While defendant maintains the reason for the revocation is something other than a conviction for *Apprendi* purposes, that argument places form over substance and amounts to a distinction without a difference. [Citation.] Moreover, defendant does not cite a single case supporting the proposition he advances. A revocation based on a DUI is the functional equivalent of a prior conviction for purposes of the recidivist exception of *Apprendi*, *i.e.*, it does not need to be proved to the jury. [Citation.] Instead, it is reserved for sentencing. A finding to the contrary would contravene the plain language of section 111-3(c) and approximately 25 years of case law." *Id.* ¶ 39 (citing *People v. Thompson*, 328 Ill. App. 3d 360, 364 (2002)).

The *Owens* court also rejected a contention that "the State failed to adequately establish his license was revoked for DUI at sentencing." *Id.* ¶ 41. A PSI is a valid basis for making sentencing

decisions (*id.* ¶ 42), and in *Owens*, "the PSI reflects defendant's prior DUI convictions and does not show his license was ever reinstated following those convictions" (*id.* ¶ 43).

¶ 30   While defendant argues that *Owens* was wrongly decided, we find it consistent with the statutory and caselaw classifying (1) recidivism, (2) sentencing enhancement for prior convictions, and (3) the facts related to prior convictions as matters that may be addressed by the sentencing court and need not be addressed to the jury. The sentence enhancement in *Owens*, and the enhancement applied to defendant, are classic recidivism statutes and fall firmly under section 111-3(c) and *Lucas*. Here, the sentencing range for the instant offense is extended because defendant has two prior convictions for the same offense and because the instant and prior convictions were committed when his or her driver's license was revoked for another prior conviction, reckless homicide. See 625 ILCS 5/6-303(d-2.5)(1), (2) (West 2016). Noting the distinction we made in *Bolton*, and section 6-303's clear provision that a license can be revoked on multiple grounds simultaneously (*id.* § 6-303(a-10)), we find the timing or sequence of convictions and license revocations to be facts about prior convictions rather than facts underlying them.

¶ 31   We find the revoked status of a defendant's license at the time of the instant and prior offenses, and the reason stated by the Secretary in his records for that revocation, to be no more problematic under *Apprendi*'s recidivism exception than a defendant's age in the statute at issue in *White*, *Bolton*, and *Moore*. Indeed, because the instant and prior offenses are driving on a revoked license, and the license must have been revoked due to a prior conviction for reckless homicide, it strikes us as even more closely intertwined with prior convictions. While defendant relies on the dissent in *Owens* in arguing that *Owens* was wrongly decided, the *Owens* dissent does

not address or acknowledge the case law finding no *Apprendi* violation from a defendant's age being proven to a sentencing court as an ancillary fact intertwined by statute with prior convictions.

¶ 32    As to the matter of proof, our supreme court held in *Jones* that a PSI is a valid and generally reliable basis, not violative of *Shepard*, for a sentencing court to find an enhanced or extended sentence. We find that this is even more true for a driver's license abstract from the Secretary, which the trial court here relied upon in finding the instant offense to be a Class 1 felony. In any prosecution under section 6-303, "a certified copy of the driving abstract of the defendant shall be admitted as proof of any prior conviction." *Id.* § 6-303(f). Similarly, the Secretary's certified abstract

> "for the record of a named person as to the status of the person's driver's license shall be prima facie evidence of the facts therein stated *** and shall be admissible for any prosecution under [the Illinois Vehicle] Code and be admitted as proof of any prior conviction or proof of records, notices, or orders recorded on individual driving records maintained by the Secretary of State." *Id.* § 2-123(g)(6).

While *Shepard* rejected sentence enhancement based on police reports, Illinois clearly places public records such as the Secretary's license records in a superior evidentiary position to police reports. The Illinois Rules of Evidence recognize a hearsay exception for the "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies," but not "police accident reports" or "matters observed by police officers and other law enforcement personnel." Ill. R. Evid. 803(8) (eff. Sept. 28, 2018). In sum, we find no *Shepard* or *Apprendi* violation in the trial court's reliance on the license abstract alongside certified copies of convictions in sentencing defendant.

¶ 33 Lastly, assuming *arguendo* that there was error, it would not be plain error, as defendant was not prejudiced. The State could have proven the sentence-enhancing facts beyond a reasonable doubt at trial because it could have pointed to the certified copies of convictions to show the dates of defendant's prior offenses and the license abstract to show that defendant's license was revoked for a reckless homicide conviction and was in revoked status as the time of the prior and instant offenses. Notably, the jury was presented with a document produced from the Secretary's records to show the status of defendant's license on the day of the instant offense. We will not find plain error merely because another document produced from the Secretary's records was presented to the court at sentencing rather than the jury at trial.

¶ 34                                    IV. CONCLUSION

¶ 35 Accordingly, the judgment of the circuit court is affirmed.

¶ 36 Affirmed.

---

**No. 1-18-0275**

---

| | |
|---|---|
| **Cite as:** | *People v. Gully*, 2020 IL App (1st) 180275 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 16-CR-17951; the Hon. Nicholas R. Ford, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd, Patricia Mysza, and Karl H. Mundt, of State Appellate Defender's Office, of Chicago, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Matthew Connors, Assistant State's Attorneys, of counsel, and Summer Moghamis, law school graduate), for the People. |

---