2022 IL App (1st) 191513-U

No. 1-19-1513

Order filed May 4, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 CR 356 |
| | ) | |
| HERBERTO PULGAR, | ) | Honorable |
| | ) | Thomas J. Hennelly, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MCBRIDE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Defendant's conviction for felony driving while his driver's license was revoked is affirmed over his contention that the State failed to prove an element of the offense beyond a reasonable doubt.

¶ 2    Following a jury trial, defendant Herberto Pulgar was found guilty of driving while his driver's license was revoked (DWLR), and received a Class 4 felony sentence of three years in

prison.[1] On appeal, defendant contends that his conviction must be reduced to a Class A misdemeanor because the State failed to prove beyond a reasonable doubt the reason for his license revocation, a required element of the felony offense. We affirm.

¶ 3    Defendant was charged by indictment with DWLR. The indictment alleged that on December 8, 2016, defendant drove a motor vehicle on a highway when his driver's license was suspended or revoked in violation of section 6-303(a) of the Illinois Vehicle Code (Code) (625 ILCS 5/6-303(a) (West 2016)). The State sought to sentence defendant as a Class 4 offender because his license had been revoked for driving under the influence (DUI) in violation of section 11-501 of Code (625 ILCS 5/11-501 (West 2016)), a similar out-of-state offense, or a similar local ordinance, and he had previously violated section 6-303 of the Code.

¶ 4    Prior to *voir dire*, the trial court stated that it would not read to the venire the part of the indictment that involved a "sentencing issue." The defense did not object.

¶ 5    At trial, Chicago police officer Michael Wrobel testified that around 7 a.m. on December 8, 2016, he and his partner, Officer Domingo Enriquez, were conducting surveillance at Pratt Avenue and Octavia Avenue. Wrobel explained they were looking for defendant in a dark-colored Jeep because defendant was "[s]uppposed to have a revoked license." Wrobel observed a vehicle matching the description around 7:30 a.m., followed it for two blocks, and curbed it. Defendant was the driver and sole occupant. Wrobel requested defendant's driver's license and insurance information. Defendant replied that he was "revoked for DUI." Wrobel took defendant into custody, performed a computer search using his name and date of birth, and verified that his driver's license was revoked.

_____

[1] Defendant's first name is also spelled Heberto in the record.

¶ 6    Enriquez testified that he observed defendant driving the Jeep. Enriquez heard Wrobel request a driver's license, and defendant respond that his license was revoked. Defendant did not produce a driver's license or an insurance card, and was arrested.

¶ 7    The State entered a certified abstract from the Illinois Secretary of State stating that on December 8, 2016, a revocation was in effect for defendant's driver's license.

¶ 8    The jury found defendant guilty of DWLR. Defendant filed a motion for a new trial, which the trial court denied. The cause was continued for the completion and correction of the presentence investigation (PSI) report. The PSI listed several felonies along with 14 traffic-related dispositions.

¶ 9    At a subsequent hearing, the State noted discrepancies between the PSI and defendant's "Certified Driver's Abstract," and asked the court to consider the violations listed on the abstract that were not referenced in the PSI. The court ordered the parties to conduct further investigation.

¶ 10    At the sentencing hearing, the court noted that the parties "were unable to reach an agreement" as to the accuracy of certain traffic-related convictions on the PSI. The State acknowledged that the records and tickets for certain traffic cases had been destroyed, but asserted that certified copies of the "traffic files" for three cases were provided to the defense. The defense responded that defendant had no recollection of "coming to court" for those cases.

¶ 11    The trial court stated that it would only consider the traffic-related convictions for which the State produced the underlying documentation, that is, three prior convictions for DWLR, one

prior conviction for DUI, and one prior conviction for speeding.[2] After argument, the court sentenced defendant to three years in prison. Defendant filed a motion to reconsider sentence, which the trial court denied.

¶ 12    On appeal, defendant contends that his DWLR conviction violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the facts that elevated the offense from a Class A misdemeanor to a Class 4 felony—namely, that his license had been revoked due to a DUI violation and that he previously violated the DWLR statute due to a DUI conviction—were not submitted to the jury and proven beyond a reasonable doubt.

¶ 13    The State replies that it was not required to prove the basis for defendant's driver's license revocation at trial, and moreover, defendant forfeited this issue when he failed to raise it before the trial court. See, *e.g.*, *People v. Enoch*, 122 Ill. 2d 176, 186 (1988) (to preserve an error for appeal, the defendant must object at trial and raise the issue in a written posttrial motion).

¶ 14    Defendant asserts that the State's failure to establish his guilt beyond a reasonable doubt is not subject to forfeiture. In the alternative, defendant requests plain error review, arguing that the evidence was closely balanced "as to the facts necessary" for a Class 4 felony sentence.

¶ 15    For the reasons that follow, we agree with the State that defendant's challenge is not actually to the sufficiency of the evidence, and therefore, conclude that it is subject to forfeiture

---

[2] The record contains certified statements of disposition for speeding in case number T6-055-456 and DWLR in case numbers T7-035-316 and T6-055-457. Additionally, the transcript of the sentencing hearing indicates that the State handed the court certified statements of disposition for DUI in case number 39-049-953 and DWLR in case number 39-049-952. The record contains a certified copy of defendant's driving abstract, which states that defendant's license was revoked on June 21, 2009, due to an out-of-state DUI conviction, and that the revocation was in effect on December 8, 2016, the date of defendant's arrest in the instant case.

for failure to raise it before the trial court. Moreover, because defendant has failed to establish error, he cannot establish plain error and his argument must fail.

¶ 16      Pursuant to the plain error doctrine, this court may consider unpreserved error when a clear or obvious error occurred and (1) the evidence was so closely balanced that the error alone threatened to tip the scales of justice against the defendant, or (2) the error was so serious that it affected the fairness of the defendant's trial and the integrity of the judicial process. *People v. Jones*, 2016 IL 119391, ¶ 10. The first step of plain error analysis is determining whether an error occurred. *Id*.

¶ 17      In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. The Illinois legislature codified the *Apprendi* rule in section 111-3(c-5) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/111-3(c-5) (West 2016)). Section 111-3(c-5) provides:

> "Notwithstanding any other provision of law, *** if an alleged fact (other than the fact of a prior conviction) is not an element of an offense but is sought to be used to increase the range of penalties for the offense beyond the statutory maximum that could otherwise be imposed for the offense, the alleged fact must be included in the charging instrument ***, submitted to a trier of fact as an aggravating factor, and proved beyond a reasonable doubt." 725 ILCS 5/111-3(c-5) (West 2016).

¶ 18      Our supreme court has held that potential *Apprendi* violations "fall under the first category of prejudicial errors" and that a defendant must "prove" prejudice. *Jones*, 2016 IL 119391, ¶ 10. Whether an *Apprendi* violation occurred is a question of law, which we review *de novo. Id.*

¶ 19    Driving on a suspended or revoked license is generally a Class A misdemeanor. 625 ILCS 5/6-303(a) (West 2016). However, the offense is a Class 4 felony if it occurred when the defendant's license was revoked for DUI in violation of section 11-501 of the Code, a similar out-of-state offense, or a similar local ordinance, and he had a previous conviction for violating section 6-303 of the Code while his license was revoked for a violation of section 11-501 of the Code, a similar out-of-state offense, or a similar local ordinance. 625 ILCS 5/6-303(d) (West 2016).

¶ 20    Generally, when a statute provides the elements of an offense and separately lists sentencing classifications based on other factors, these factors enhance the punishment and "do not create new offenses." *People v. Owens*, 2016 IL App (4th) 140090, ¶ 33. Consequently, "the State is not required to prove, as an element of a defendant's enhanced [DWLR] offense, the fact that the original revocation of his license was predicated on a DUI conviction." *Id.*; see also *People v. Lucas*, 231 Ill. 2d 169, 180-81 (2008) (determining that the prior offenses are not elements of the offense that the State must prove at trial). "A revocation based on a DUI is the functional equivalent of a prior conviction" and does not need to be proved to the finder of fact; rather, "it is reserved for sentencing." *Owens*, 2016 IL App (4th) 140090, ¶ 39; see also *People v. DiPace*, 354 Ill. App. 3d 104, 114-15 (2004) (holding that predicate offenses are used after a conviction to increase the classification of the offense at sentencing).

¶ 21    Accordingly, although defendant frames the issue on appeal as an *Apprendi* challenge for the State's failure to prove an element of the offense, at trial the State was not required to establish the basis of defendant's driver's license revocation; therefore, *Apprendi* does not apply.

¶ 22    *Owens* is instructive. In that case, a defendant convicted of felony DWLR argued that his conviction must be reduced to a Class A misdemeanor because the State failed to prove the reason

for his license revocation beyond a reasonable doubt at trial in violation of *Apprendi*. *Id.* ¶ 2. There, the statutory enhancing factors were three prior convictions for DWLR and a license revocation for DUI. *Id.* ¶ 4.

¶ 23    On appeal, the court relied on section 111-3(c) of the Code (725 ILCS 5/111-3(c) (West 2016)) and *People v. Lucas*, 231 Ill. 2d 169 (2008), to conclude that (1) the elements of DWLR are driving or being in physical control of a motor vehicle while one's driver's license, permit, or privilege to drive is revoked or suspended, and (2) "the State is not required to prove, as an element of a defendant's enhanced [DWLR] offense, the fact that the original revocation of his license was predicated on a DUI conviction." *Id.* ¶¶ 32-34. Although the defendant maintained that "the reason for the revocation is something other than a conviction for *Apprendi* purposes," the court explained:

> "[T]hat argument places form over substance and amounts to a distinction without a difference. [Citation.] Moreover, defendant does not cite a single case supporting the proposition he advances. A revocation based on a DUI is the functional equivalent of a prior conviction for purposes of the recidivist exception of *Apprendi*, *i.e.*, it does not need to be proved to the jury. [Citation.] Instead, it is reserved for sentencing. A finding to the contrary would contravene the plain language of section 111-3(c) and approximately 25 years of case law." *Id.* ¶ 39 (citing *People v. Thompson*, 328 Ill. App. 3d 360, 364 (2002)).

¶ 24    The court further rejected the defendant's contention that "the State failed to adequately establish his license was revoked for DUI at sentencing." *Id.* ¶ 41. The court explained that a PSI was a valid basis for a sentencing decision, and in that case, the PSI established the defendant's prior DUI convictions and did "not show his license was ever reinstated following those

convictions" *Id.* ¶¶ 42-43; see also *People v. Gully*, 2020 IL App (1st) 180275, ¶¶ 30-31 (finding *Owens* "consistent" with statutes and caselaw determining that a "sentencing enhancement for prior convictions" and "facts related to prior convictions" were matters for the trial court at sentencing rather than for the jury).

¶ 25    Defendant contends that *Owens* rested on "flawed analysis" and urges this court to follow the dissent in that case. See *Owens*, 2016 IL App (4th) 140090, ¶¶ 47-80 (Appleton, J., dissenting). He argues that a difference exists between (1) the fact of a prior conviction and (2) the fact that the conviction was the basis for a license revocation. In other words, according to defendant, a DUI conviction and the Secretary of State's use of that conviction as the reason to revoke a driver's license are "two separate facts, one of them judicial and the other administrative." *Id.* ¶ 75 (Appleton, J., dissenting).

¶ 26    We decline to depart from *Owens*. As the majority in that case held, "[a] revocation *** does not need to be proved to the jury," but is rather "reserved for sentencing." *Id.* ¶ 39; see also *Gully*, 2020 IL App (1st) 180275, ¶ 30 (relying on *Owens* to conclude that the "sentencing enhancement" at issue was a "classic" recidivism statute which fell under section 111-3(c)). Accordingly, defendant has failed to establish error, and his procedural default must be honored.

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 28    Affirmed.